ORDER OF RAILWAY CONDUCTORS OF AMERICA V. ELLA
KOSTER, Respondent, and SARAH E. LALLY
and JOHN LALLY, Appellants.

St. Louis Court of Appeals, November 21, 1893.

1. **Benefit Societies**: NATURE OF INSURANCE AFFORDED. A benefit
certificate differs from an ordinary policy of life insurance, in that it
speaks with reference to the conditions existing at the death of the
member whose life has been insured by it.

2. ———: ———: DESIGNATION OF BENEFICIARY. Accordingly, when
the status of the beneficiary under such certificate is the main, if not
the sole, inducement to the insurance,—as where the certificate is in
favor of the wife of the insured, and she is designated mainly by
that relationship—the rights of such beneficiary lapse, if that status
does not exist at the time of the death of the insured.

3. ———: ———: INSURABLE INTEREST OF BENEFICIARY. And when
the laws of the benefit society stipulate that the beneficiary must
have an insurable interest in the life of the insured member, that
interest must exist at the death of such member. Accordingly, a
divorced wife who has remarried, and moreover has no living issue
by the insured member, is not under such laws entitled to the
benefits.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Orr, Christie & Bruce* and *Joseph S. Dobyns* for
appellants.

"A policy of life insurance or a designation of
beneficiary, valid in its inception, remains so, although
the insurable interest or relationship of the beneficiary
ceases, unless it is otherwise stipulated in the contract."
Bacon on Mutual Benefit Societies, sec. 253, and cases
cited; *Connecticut, etc., Ins. Co. v. Schaffer*, 94 U. S.

457; *McKee v. Ins. Co.*, 28 Mo. 383; *Clark v. Allen*, 11 R. I. 439; *Dalby v. Ins. Co.*, 15 C. B. 365; *Campbell v. Ins. Co.*, 98 Mass. 381; *Ins. Co. v. Baum*, Ind. 236. In respect to the doctrine of the cessation in insurable interest, as to its effect upon the rights of the beneficiary, benefit certificates are governed by the same rule as insurance policies. *Martin v. Stubbings*, 126 Ill. 387; *Elkhardt Mut. Aid Ass'n v. Houghton*, 98 Ind. 149; *Mutual, etc., Ass'n v. White*, 9 N. W. Rep. (Mich.), 497. The Iowa Statute under which the plaintiff order was incorporated, authorizing, as it does, the designation of a legatee or legal representative (administrator) as beneficiary, is not restrictive in its operation. *Martin v. Stubbings*, 126 Ill. 387; *Bloomington Mut. etc., v. Blue*, 120 Ill. 121; *Masonic Ass'n v. Bunch*, 19 S. W. Rep. (Mo.), 29. The designation by a member, A. B., of his beneficiary as "Mrs. A. B." is held to mean the wife living at the time of the designation, and not a subsequent wife who becomes his widow. *Day v. Case*, 43 Hun, 179; *Richardson v. Richardson*, 75 Me. 570. The right of the beneficiary depends upon contract, and not upon status. Niblack on Mutual Benefit Societies, 241; *Jackman v. Nelson*, 17 N. E. Rep. (Mass.), 529; *Duncan v. Central Verein*, 7 Daly, 168; *Story v. Williamsburg, etc., Ass'n*, 95 N. Y. 474.

*Sale & Sale* and *F. H. Bacon* for respondent.

The appellant, Mrs. John Lally, is not the beneficiary designated in the certificate. She is nowhere mentioned by name; the only designation being "wife." *Bell v. Smalley*, 45 N. J. Eq. 478; *In re Morrieson*, 40 Ch. Div. 30. The certificate, so far as the relationship of the beneficiary to the member is concerned, speaks as of the time of the member's

death. Under H. A. Koster's certificate, payable to
his "wife," the wife of John Lally is not the person
intended, and she does not take. *Tyler v. Odd
Fellows', etc., Ass'n*, 145 Mass. 134; *Union Mut. Aid
Ass'n v. Montgomery*, 70 Mich. 587; *Chartrand v.
Brace*, 26 Pac. Rep. 152. The designation of benefi-
ciary is an act testamentary in its character and should
therefore be construed as such. *Masonic, etc., Ass'n
v. Bunch*, 109 Mo. 560; *Union Mut. Aid Ass'n v.
Montgomery*, 70 Mich. 587; 38 N. W. Rep. 588;
*National Aid · Ass'n v. Kirgin*, 28 Mo. App. 80;
*Chartrand v. Brace*, 26 Pac. Rep. 152; *Duvall v.
Goodson*, 79 Ky. 244; *Thomas v. Leake*, 67 Tex. 469.

ROMBAUER, P. J.—This is a contest between the
respondent and the appellants as interpleaders for a
certain fund paid by plaintiff into court. The trial
court awarded the fund to Ella Koster. Sarah E.
Lally and her husband, John Lally, who prosecute this
appeal, assign for error that upon the evidence the
court should have awarded the fund to Sarah E. Lally.

We find the facts to be as follows. The plaintiff
is a mutual benefit association or order, organized
under a statute of the state of Iowa, which provides
among other things:

"Section 7. No corporation or association organ-
ized or operating under this act shall issue any certifi-
cate of membership or policy to any person under the
age of fifteen years, nor over the age of sixty-five
years, nor unless the beneficiary under said certificate
shall be the husband, wife, relative, legal representa-
tive, heir or legatee of such insured member, nor shall
any such certificate be assigned, except an endowment
certificate; and any certificate issued or assignment
made in violation of this section shall be void. Any
member of any corporation, association or society,

operating under this act shall have the right at any time, with the consent of such corporation, association or society, to make a change in his beneficiary *without requiring the consent of such beneficiary.*"

The laws of the order contain the following provisions:

"Article 2. Its object is to aid and benefit disabled, and the families of deceased members of the Order of Railway Conductors."

"Article 18. An applicant may designate in his application some person or persons to whom benefit shall be paid in the event of his death, and the secretary shall enter such designated. name or names upon the register of the department, and also upon the certificate of membership. Any person desiring to change the name or names of the person or persons to whom benefit is payable shall make the request in writing upon a blank provided for that purpose, which request must be certified by the division secretary under the seal of the division, and forwarded to the secretary with the certificate of membership. Upon receipt of such request in proper form, the secretary shall make the requested change on the register, *provided no benefit shall be made payable to any one not having an insurable interest in the life of the member.*"

"Article 20. In case the designated payee of a member should not survive him, the benefit shall be paid to the first named who shall survive him, as follows:

"*First.* In accordance with the provisions of the lawful will of the deceased, should one be left.

"*Second.* To the widow of the deceased.

"*Third.* To the child or children of the deceased.

"*Fourth.* To the mother of the deceased."

H. A. Koster made application for membership in the order in November, 1886, when the present

Sarah E. Lally was his wife. His application, among other things, contained the following: "In the event of my death, I hereby direct that the sum, to which my heir or heirs may be entitled to by my membership, be paid to my wife, Mrs. H. A. Koster;" also the following: "I agree to conform in every respect to the by-laws, rules and regulations now in force, *or which may be lawfully adopted hereafter.*" When Koster made this application, the last clause of article 18 hereinabove set out in italics was not in force. The same was adopted only in January, 1891. That fact, however, in view of section 7 of the statute, and that part of the application of the assured which is italicised above, is immaterial. The plaintiff on this application issued to the assured a certificate, stating among other things: "In event of his death, benefit is to be paid to Mrs. H. A., the person named in the application, who bears the relationship of wife to the member holding this certificate." Subsequently the order becoming incorporated, this certificate was recalled and another certificate issued in lieu thereof, the material portions of which are as follows:

"This is to certify that the Mutual Benefit Department of the Order of Railway Conductors, in consideration of the statements and representations made in the application of H. A. Koster for membership therein, a copy of which application is hereto attached, and the sum of $2.50, and the payment of $1 for each expense assessment, and the further payment to the Mutual Benefit Department of the Order of Railway Conductors of the sum of $1 for each and every claim for the death or disability of a member of class 'A,' of the department for which an assessment is made, so long as he shall remain a member of said class 'A,' said payments to be made within sixty days from the date of notice, do promise and agree to and with the

said H. A. Koster, to pay or cause to be paid to ————
wife ———— or in case the person or persons named
therein do not survive him, then as provided in article
20 of the by-laws governing the department, $1 for
every member of class 'A' who shall pay the assess-
ment for the death of said H. A. Koster after due
notice and satisfactory evidence of such death is
received."

This certificate was in force at the date of H. A.
Koster's death, which occurred March 26, 1891.

We further find that the Mrs. H. A. Koster named
in the application was the then Sarah E. Koster, now
Sarah E. Lally, and that she separated from Koster in
December, 1889, and obtained a decree of divorce from
him *a vinculo matrimonii* on the sixth of March, 1890,
such decree being silent on the question of alimony but
restoring to Mrs. Koster, at her request, her maiden
name.   Within two months thereafter Mrs. Koster was
married to her present husband, Lally, and ever since
that date the feelings of Koster towards here were
exceedingly bitter.   On March 4, 1891, while Koster
was residing with his sister Ella (one of the inter-
pleaders) in Vincennes, Indiana, he caused a letter of
the following tenor to be written by a friend to the
grand secretary of the order, who resided in Cedar
Rapids, Iowa:

"Enclosed please find my policy, which I wish
transferred from my wife to my sister, Ellen Koster.
Kindly return as early as possible and oblige," etc.

On the seventh of March the grand secretary
replied to him, acknowledging the receipt of the letter,
and adding:

"I enclose herein a blank upon which please
make your request for change of beneficiary, and, after
having it certified by your secretary, return to me, and
the requested change will be promptly made, and your

certificate returned to you through the secretary of your division.''

The term *your secretary* used in this letter refers to the division secretary of the division in which Koster was. This secretary resided in Texarkana, Texas. The letter of the grand secretary was by mistake directed to Koster at Little Rock, Arkansas, which was his former place of residence, and did not reach him at Vincennes, Indiana, where he then was, until about the sixteenth of March, 1890. Upon receiving the grand secretary's letter, Koster filled the blanks in the certificate of request, indicating the change desired, signed the certificate and put it in his pocket with the avowed intention of taking it with him when he returned to Little Rock, to which place he intended to repair shortly. There is no credible evidence that this certificate of request was ever seen thereafter, and its subsequent fate is a mere matter of conjecture. Koster was suddenly taken worse on the twenty-fifth of March, 1891, and died on the day following. We find no evidence of any change of intention on his part after he caused the letter of March 4, 1891, to be written,—nor on the other hand is there any evidence that the order ever waived the requirement of a formal request for a change of the beneficiary which it had a right to insist on under article 18 of its laws.

In applying the law to the facts thus found, we will adopt the following part of the very apt language used by the learned judge of the trial court in deciding the case: ''It will be seen that the articles of association are broader than the laws of the order in respect of the objects of the benevolence provided for, and we must look to the laws of the order in preference to the articles of association. The laws of the order cannot go beyond the scope of the articles of association, but they need not cover the whole scope. Under its

articles this order may make a law to provide not only for the families, but also for the devisees of its deceased members; but, if it sees fit, it may so shape its laws as to limit its beneficiaries to the families only, or to the widows only, or to the children only. If, therefore, either one of these claimants appear in a character not provided for in the laws of the order, although embraced in the terms of the articles of association, then he or she is in the attitude towards the order of one for whom it was lawful for the order to have made provision, but for whom no provision has been made."

"A benefit certificate of this kind has some of the features of an insurance policy, but it also has its point of difference, and, in the particular we are now considering, it is testamentary in its character. The rule of the law of insurance, that, if one have an insurable interest at the date of the policy, the policy is not vitiated by termination of that interest, does not apply in a case like this. This act is testamentary in its character in the respect that it speaks at the death of the member. As long as the lady, who is now Mrs. Lally, filled the description given in the certificate she was under its protection, but, when she ceased to fill that description, her interest in the certificate ceased. On the death of H. A. Koster the certificate, speaking for the first time, called for his wife and there was none to answer."

It is evident that under the facts as we find them the law, which is correctly stated in the last paragraph of the trial judge's opinion, is decisive against Mrs. Lally's claim. That a benefit certificate is different from an ordinary life insurance policy, viz., that it is testamentary in its character, is well settled and has been repeatedly decided in this state. *Masonic Benevolent Ass'n v. Bunch*, 109 Mo. 560, 580; *Expressmen's Aid Society*

*v. Lewis, Adm'r*, 9 Mo. App. 412; *National American Ass'n v. Kirgin*, 28 Mo. App. 80. That proposition is conceded by the appellant, but her counsel claims that, although the designation of the beneficiary speaks from the death of the assured, it does not follow that a descriptive designation must continue applicable to the person described up to the time of death. But what is descriptive designation, after all? When the descriptive designation is used to identify *the person*, the fact that it applies to the person no longer at the date of death is immaterial, because the beneficiary is the person and the description of his or her status a mere identification of the person; but when the status of the beneficiary is the main, if not the sole, inducement for the insurance, the name becomes a mere descriptive designation and the object of the benefit is, and always remains, in the person filling the particular status.

It is immaterial whether in this case we consider the application, the entry on the register, and the first and second certificates together for the purpose of ascertaining the beneficiary, or whether we take the last certificate alone as controlling. In either event we must reach the same conclusion. The application says *"my wife, Mrs. H. A. Koster."* The first certificate says "Mrs. H. A., the person named in the application, who bears the relationship of *wife* to the member holding this certificate." The second certificate says the money is to be paid to —— *wife* ——. All these paper taken together merely refer to the same person, namely the wife of H. A. Koster. The *wife* is in each instance the main designation of the beneficiary, because Mrs. H. A. Koster means no more than H. A. Koster's wife. If there is no wife at the date of the death, the certificate *lapses*, unless another beneficiary has been substituted by the member, or by the laws of the order. *Masonic Mutual Relief Ass'n v. McAuley*, 13 D. C. (2 Mackey) 70,

In *Taylor v. Odd Fellows' Mutual Relief Ass'n*, 145 Mass. 136, the case involving the rights of a divorced wife, the court declined to decide whether the validity of a description is to be determined at the outset by the relation *then* existing between the member and beneficiary, but the court was clear that, to make the description available after death, there must then be such a relation to the deceased, as is contemplated by the agreement and laws of the order.

Now, it cannot be contended that this divorced wife, who had married another, could by any possible construction be designated as the wife of the member at the date of his death.  Nor was she within the contemplation of the laws of the order.  She had no insurable interest in the life of Koster even under the liberal view taken in *McKee v. Insurance Company*, 28 Mo. 383, 385.  He was under no obligation to support her, and no children of the marriage were living. At the date of the death of the member she fell under no class for whom the laws of the order made provision.

We need not decide the second branch of this case, which relates to a substitution of another beneficiary by the member.  As we said in the case of *McFarland v. Creath*, 35 Mo. App. 112, the only question before us is whether the appellant has a right to the fund. If she has not, it is, as far as her appeal is concerned, immaterial what disposition the court made of it.

With the concurrence of all the judges, the judgment is affirmed.