HELEN LISTER, Respondent, v. IDA LISTER, Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. **Benefit Societies**: FAMILY: BENEFICIARY: CHANGE OF RELATION. The beneficiary department of a benefit society was established to provide substantial relief to members and their families. A certificate was taken by the son for the benefit of the mother with whom he lived. He subsequently married and established a home of his own separate from the mother who was not dependent upon him. *Held*, the word family did not include the mother, and she became incapacitated to receive the protection of the order. The status of the beneficiary must be such at the death of the member as to bring him within the purview of the by-laws of the society.

2. ———: BENEFICIARY: HEIRS. Where the beneficiary named in the certificate is incapacitated to take at the death of the member, the fund should go where the by-law of the society contemplated it should; and where such by-laws send the fund to the heirs, the widow as such can not take, though, as in this case, where she is the sole member of the family, she takes it in that capacity.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

REVERSED AND REMANDED (*with directions*).

*Montgomery & Montgomery* for appellant.

(1) The preamble and section 47 of the constitution clearly show that the object, scope and purpose of establishing and maintaining a beneficiary department was to provide relief for a particular class, viz., the

family of a deceased member. Being so limited by the organic law of the society, the member has no power to designate a person not coming within the class. And although a person so designated may be of such class at the time of such appointment, yet if at the time of the death of the member is not within the class, the appointment is invalid, and such appointment does not deprive the beneficiary designated by the organic law of her right to the fund. *Benefit Ass'n v. Bunch*, 109 Mo. 560; *Hysinger v. Sup. Lodge*, 42 Mo. App. 627; *Order of R'y Conductors v. Koster*, 55 Mo. App. 194. (2) The society, under its constitution, had no authority to create a fund for other persons than the class designated therein, and neither the act of the member in naming a person who is not within the class, nor the act of the society in issuing a certificate payable to such person, can deprive the beneficiary designated by the constitution of her right to the fund. *Alexander v. Parker*, 144 Ill. 355; *Palmer v. Welch*, 132 Ill. 141; *Legion of Honor v. Perry*, 140 Mass. 580; *Britton v. Sup. Council*, 46 N. J. Eq. 102; Bacon on Ben. Soc. 245, 252; *Condell v. Woodward*, 29 S. W. Rep. (Ky.) 614, Feb. 19, 1895; *Beard v. Sharp*, 38 S. W. Rep. (Ky.) 1057, Feb. 5, 1897; 96 Ky. 646, not yet reported. (3) The general words used in sections 49 and 50 of the constitution should be limited to include only those referred to in the preamble and section 47 of the constitution, because the whole object and purpose and scope of the beneficiary department is declared and fixed by these last named provisions. Endlich on Statutes, 86, 90, 113; Sutherland on Statutes, secs. 218, 219; *State v. King*, 44 Mo. 283.

*Barnett & Barnett* for respondent.

(1) Clearly appellant can not complain, as she **has** no interest in the fund. The insurance is not in

her favor. She is not designated in the policy as the beneficiary. It was not the intention of the assured nor the intention of the society issuing the policy, nor the language of the contract that the fund should be paid to her. *Hoffmeyer v. Muench*, 59 Mo. App. 20, especially page 23 of the opinion; *Highland v. Highland*, 109 Ill. 366; also, see Benefit Certificate, pages 8 and 9; also, see section 51 of the constitution of the order; also sections 49 and 50 of the constitution; also *Order of Railway Conductors v. Koster*, 55 Mo. App. 195. (2) The beneficiary department of the order is established to provide substantial relief to members and their families. Mrs. Helen Lister, deceased's mother, was a member of his family. The word "family" is an expression of great flexibility. It is applied in many ways. It may mean blood relatives or any group constituting a distinct domestic or social body. *Frederika Carmichael v. Benefit Ass'n*, 51 Mich. 494, especially page 496 of opinion; 1 Bacon's Benefit Societies and Life Ins., sec. 256, p. 492. The term family is not a technical word, but is of flexible meaning. It has been held even to mean ancestors. 1 Bacon's Benefit Societies, sec. 256, p. 493. (3) The rule in cases of this kind is that the designation of a beneficiary valid at its inception remains so, although the insurable interest or relationship of the beneficiary has ceased, unless it is stipulated otherwise in the contract. 1 Bacon's Benefit Societies, sec. 253, p. 485, and authorities there cited; *Wist v. Grand Lodge*, 22 Ore, 271; 29 Pac. Rep. 610; *Hysinger v. Knights of Honor*, 42 Mo. App. 633, 634; *Hoffmeyer v. Muench*, 59 Mo. App. 23. (4) We call attention to the fact that no provision is made in the constitution or by-laws of this order for the payment of benefits to any person other than to the one named in the certificate.

No provision is made for any payment where a beneficiary is not named.

ELLISON, J.—David P. Lister was a member of the order of the Grand Lodge of Locomotive Engineers at the time of his death, and held a beneficiary certificate for $1,500, payable to plaintiff Helen, his mother. Defendant is David's widow, and the lodge having paid into court the amount of the certificate, these two parties interplead for it. The trial court gave judgment in favor of plaintiff, the mother, she being the beneficiary named as aforesaid. When the certificate was issued David was unmarried and was living with Helen, his mother. Afterward he married defendant Ida, and they thenceforth lived apart from the mother, the latter residing at her own home on her own resources in the same city and not depending on David for support or maintenance. The mother now claims the money by reason of being the person named as beneficiary in the certificate, contending that the fact of her not being a member of her son's immediate family and not being dependent upon him for support, does not incapacitate her under the by-laws governing the lodge. The widow claims that the foregoing facts intervening since the certificate was issued prevent the mother from recovering the money and that under the by-laws aforesaid she is entitled to it.

It is recited in the preamble of the constitution and by-laws of the lodge:

"Realizing the fact that our vocation involves ceaseless peril, and that it is a duty we owe ourselves and our families to make suitable provision against those disasters which almost daily overtake us on the rail, the necessity of protecting our interests as firemen, of extending to each other the hand of charity, and

being sober, industrious and honorable men, becomes self-evident; and hence the brotherhood has adopted as its cardinal principles the motto: Protection, Charity, Sobriety and Industry."

Sections 47 and 48 of the constitution are as follows:

"Sec. 47. The beneficiary department of this order, established to provide substantial relief to members and their families in the event of death or total disability, shall be known as the Beneficiary Department of the Brotherhood of Locomotive Firemen.

"Sec. 48. All members shall be required to participate in the beneficiary department, subject to the laws, rules and regulations by which it is now, or may be hereafter, governed, except such members as may have failed to pass the required medical examination."

Section 50 provides for issuing a certificate and its form, and directs that at his death the amount named therein "shall be paid to ———— his —— whose residence is ——."

It is apparent from the foregoing parts of the constitution that the object of the organization of the lodge was, in case of the death of the member, to provide for his family.

We decided in *Keener v. Grand Lodge*, 38 Mo. App. 543, that the beneficiary of the fund must be of the class named in the law of its organization. In that case the law provided that the associations should be "for the relief and aid of the families, widows, orphans, or other dependents of their deceased members." And we held that a member could not name as beneficiary a woman living with him as his mistress. That if he did so name a person sustaining such relation, she could not receive the fund, but that it would go to the class intended by the law. From that case and the authori-

*BENEFIT societies: family: beneficiary: change of relation.*

ties cited therein, together with those gathered by counsel in this case, it is quite clear that plaintiff, the mother, though named as the beneficiary in the certificate, can not be allowed to take the fund unless she can be held to be a member of her deceased son's family in the sense contemplated by the by-laws of the order. The word "family" may be of narrow or broad meaning as the intention of the parties using the word, or the intention of the law in using it, may be made to appear. It is not easy to disassociate ourselves from the notion that the mother is always and under all circumstances of the family of the child. Yet in point of fact it is a part of the course of nature for the child (generally) when grown into manhood, to separate from the mother and establish a separate and independent family which is dependent upon him and which, primarily, he seeks to protect and provide for. The mother or other relative may be a portion of such family by remaining with it and being dependent upon the relation. In this case the son separated from the mother and each thereafter maintained a separate household, the mother in nowise being dependent upon her son. When such condition came about, she placed herself, or was placed, outside the object and intention of the order, as evidenced by its by-laws; and under the authorities above referred to, she became thenceforth incapacitated to receive the protection of the order.

We then have this condition of case: The mother was a member of the deceased's family when the certificate was issued and was then fully capacitated to take the fund, if the contingency of her son's death had happened while the relation existed. But before the son's death, as we have seen, she ceased to be a member of his family. The question, therefore, presents itself, whether she must have sustained the proper re-

lation at the time of death when the certificate became effective. We think she should. For, as we have seen, the object of that order is to protect persons of a certain description or class and no others can be named by the member who takes out the certificate. If the member can only name one capacitated under the laws of the order, it would appear reasonable and proper to hold that no other should finally receive the benefit of the provision made by the order, and that therefore the capacity to take the fund is determined as the status may be *at the death* of the member. And so it has been repeatedly held that the provision made by the certificate is testamentary in its character. *Masonic Ben. Ass'n v. Bunch,* 109 Mo. 580. In the case of *Railway Conductors v. Koster,* 55 Mo. App. 186, St. Louis Court of Appeals, in an opinion by Judge Rombauer, it was held that, where the certificate was taken to "be paid to my wife, Mrs. H. A. Koster," who afterward became divorced from the member and re-married, she could not recover the fund, for the reason that she did not fill the proper relationship at the time of the member's death. The same was held in the case of *Tyler v. Mut. Relief,* 145 Mass. 134.

We do not overlook the fact that in this case plaintiff remained, of course, the mother of the member at his death. But it must be remembered she was not capacitated to be named as the beneficiary at the time the certificate was taken out by reason of being the mother, but rather by reason of being a member of the family. And while she did not cease to be the mother, she did cease to be a member of the family. So, in the case of *Sanger v. Rothchild,* 123 N. Y. 577, the member, then unmarried, took out a certificate (legal at the time) for the benefit of his uncle and aunt; afterward he married and then died without making any disposition or change in the certificate, it was held that

the uncle and aunt were not entitled to the fund.    The case of *Elsey v. Mut. Relief Ass'n*, 142 Mass. 224, was where the certificate was taken out in the name of the wife.    Afterward the member had it changed to his mother.    The court declared the mother had no interest in the fund.    The by-law under which the wife claimed was as follows:

"The corporation is formed:    For the purpose of defraying the expenses of sickness and burial of its members, and rendering pecuniary aid to the families of deceased members or to their heirs."    Also that after paying funeral expenses:    "The balance shall be paid to the person or persons designated by the member in his application for membership or his last legal assignment, provided such person or persons are heirs or members of decedent's family."

The court said:

"It is agreed that his mother was not living with him, but she was living with her husband in another town and county.    It is not suggested that she was dependent upon him.    She was not one of those who would be his heirs, and she was not one of the members of the decedent's 'family' within the meaning of the by-law.    To give the word 'family' the broad construction contended for by the defendants, would make the by-law overreach the scope of the statute, and violate its spirit and purpose.    It follows that the attempted designation to the mother of the deceased member was illegal and invalid."

The case of *Hanna v. Hanna* (Sup. Ct. Texas, 1895), was where the member named his mother as the beneficiary, the certificate being payable to "Mrs. T. Hanna, mother, or his heirs."    The by-laws of the order provided that:    "This association shall be designated the Locomotive Engineers' Mutual Life Insurance Association, its object being to aid and benefit

the families of deceased members of the brotherhood in a simple and substantial manner.'' The mother did not reside with and was not dependent upon the member. The court held that the designation of the mother was invalid—she not being a member of the family within the meaning of the by-law.

Having concluded that whether, at the time of deceased's death, plaintiff, the mother, was a member of his family and dependent upon him for support, is the test of her right to the fund,

BENEFICIARY: heirs.

and having determined that she was not a member of his family or dependent upon him at his death, we come to the question as to the rights of the defendant as the widow, who, it will be borne in mind, was not connected with the certificate.

In *Keener v. Grand Lodge*, 38 Mo. App. 552, *supra*, the beneficiary named in the certificate was declared incapacitated to take, and we held that where no appointment is made by the member, the fund would lapse to the association. But that under the peculiar provisions of the by-laws of that lodge, the heirs of the deceased would take the fund. But in this case a proper beneficiary was named and the power of appointment by the member was at the time properly exercised. The incapacity of the beneficiary came about by matters transpiring after the certificate was taken out. No reason appears why the fund may not be placed where the by-law contemplated that it should. In the *Keener* case we held that the widow did not get the fund since she had not been named and the law did not contemplate that it should be given her unless named. But that the law gave it to the heirs of which the widow was one, under the statute. So here, since defendant Ida has not been appointed by the deceased member, she is not entitled to the fund in her individual capacity apart from being

the deceased's family. The fund, under the terms of the by-law, must, as we have seen, go to the "family" of deceased. But the case shows that defendant Ida is the sole member of the family, and therefore in that capacity she becomes entitled to the whole fund.

There are cases where the facts, somewhat similar to those in this record, have been held to entitle the widow to the fund, though she was only one member of a family of several; yet those were based upon laws, or a constitution governing the association, which gave her the sole right. Here, as we have stated, defendant's right comes through her family relationship to deceased. And her right to the *whole* fund is based on her being the *sole* member of the family.

Plaintiff has cited us to other sections of the by-laws where, in general terms, the fund is directed, on the death of a member, to be paid to the beneficiary named in the certificate. But these general terms are used on the assumption that the named beneficiary is such an one as is contemplated by the order. They must be read and interpreted in connection with the evident object of the existence of the association.

The judgment is reversed and cause remanded with directions to enter judgment awarding the fund to defendant Ida. All concur.