## CERTIFICATE OF BENEFICIAL INSURANCE.

[Circuit Court of Ross County.]

THE BROTHERHOOD OF RAILROAD TRAINMEN v. JANE TAYLOR, ADMINISTRATRIX, ET AL.

Decided, December 8, 1906.

*Beneficial Insurance—Certificates of. How Construed—Rules Governing Ordinary Life Insurance not Applicable—Classes to Whom Certificates Must be Paid—Certificates made Payable to Wife who Secures a Divorce—Does not Lapse or Revert—But is Payable to the Administrator—Mutual Benefit Societies—Sections 3631, et seq.*

On February 23, 1901, T became a member of a fraternal beneficiary association organized under Section 3631-11, Revised Statutes, and secured a certificate payable at his death to Alice B. Taylor, his wife, if living; if not, to his executors or administrators in trust for his heirs at law. Subsequently, in 1903, his wife secured an absolute divorce and was restored to her maiden name. On December 8, 1905, T died intestate, having paid all assessments up to his death and having failed to designate another beneficiary. T left surviving him the plaintiff, who was his mother and only heir at law. In a suit to recover death benefits wherein the divorced wife, the administratrix, and the association each claimed the same—*Held*:

1. Certificates issued under Sections 3631-11 *et seq.*, must be made payable to such of the classes named therein; any other designation is invalid.

2. Having secured a divorce subsequent to the issuance of the certificate, that fact precluded her from recovering benefits as wife or beneficiary.

3. Under the laws of Ohio, beneficiary certificates are to be construed with reference to the *status* of the beneficiary *at the time of payment*. The words "Alice B. Taylor" in the certificate are *descriptio personae* and may be rejected as surplusage and the certificate is construed to mean that if there be no wife living, the benefits go to the administratrix in trust for his heirs.

4. Under the laws of this state as well as by the construction made in prop. "3" hereof, said certificate neither lapses nor reverts to the association, but should be paid to the administratrix.

JONES, J. (orally); CHERRINGTON, J., and WALTERS, J., concur.

Heard on error to the Court of Common Pleas of Ross County.

This case came into this court on error from the court of common pleas. In that court the issues were decided upon various demurrers to the pleadings. The facts in the case were not in dispute but were all admitted by several demurrers. Briefly stated, the facts are these:

On February 18, 1901, William Taylor became a member of the Brotherhood of Railroad Trainmen, a beneficial organization organized under the laws of this state. At that time he was married to Alice B. Taylor, and he obtained a benefit certificate payable at his death to Alice B. Taylor, his wife, if living, if not, then to his executors or administrators in trust for his heirs at law. Subsequently, in the year 1903, his wife secured an absolute divorce and was restored to her maiden name. Taylor, however, continued to pay his assessments and paid the same up until his death, which occurred on December 8, 1905. He left surviving him the plaintiff in this case, Jane Taylor, who was his mother and his only heir at law. At no time did he make any other substitution or designation of the beneficiary other than the original one he designated when the certificate was issued to him.

Three claimants to the fund appear, each of whom claims the death benefit. The petitioner, who is the administratrix, his mother, Jane Taylor, is one of the claimants who has filed her petition claiming the fund in trust for herself as the sole heir at law. By the answer and cross-petition, Alice B. Taylor, the divorced wife, also claims the death benefit and by answer the association itself claims the death benefit by reason of the fact that the certificate is said to have lapsed or reverted to the association under one of the clauses of the constitution. The brotherhood and the plaintiff each demurred to the answer and cross-petition of Alice B. Taylor, and the plaintiff demurred to the answer of the brotherhood. The court of common pleas sustained each of these demurrers. The question before this court is whether the action of the court of common pleas is right in that regard. In so far as the determination of the questions in this case are concerned, I will briefly give so much

of the sections of the constitution of the order as are necessary to determine the questions at issue.

Section 65 provides that all beneficial certificates are to be interpreted and construed in accordance with the laws of this state.

Section 62 provides that all transfers of beneficiary certificates shall be made upon the books of the grand lodge, under the direction of the grand secretary and treasurer, and any and all transfers made in any other manner shall be null and void. Any member desiring to transfer his beneficiary certificate, shall fill out the printed transfer on the certificate and sign his name thereto, and send the same to the grand secretary and treasurer, through the secretary of his lodge. It shall be the duty of the grand secretary and treasurer, immediately upon its receipt, to certify to such transfer in the form provided therefor in the certificate, and until so certified by the grand secretary and treasurer the transfer will not be complete.

Section 63 provides that payment of death benefits shall only be made, or certificates transferred, to the family, heirs, blood relations, affianced wife of, or to persons dependent upon the member, and in case the member makes an unlawful designation in violation of this section, the benefits of his certificate shall revert and belong to this brotherhood.

Sections 66 and 67 provide that upon the death of a brother in good standing, the person or persons named in the beneficiary certificate of the deceased brother, if living, shall be entitled to the benefits except as otherwise provided in Sections 62 and 63.

In the determination of this case it may be said at the outset that the various rules of law applicable to ordinary life insurance cases do not apply in this case for the reason that under Section 3631-11 it is provided that such associations shall be exempted from provisions of the insurance laws of this state and no law hereafter passed shall apply to them unless they be expressly designated therein. It has been decided by two other authorities in the state of Ohio that the ordinary rules of construction and interpretation applying to ordinary life in-

surance companies do not apply here. *State* v. *P., C., & St. L. Ry.*, 68 O. S., 9; *State* v. *Vorys*, 69 O. S., 65, 68.

In ordinary life insurance companies it is well known that policies issued in that class of companies confer upon the beneficiaries a vested interest and that a member can not transfer or interfere in any wise with that vested interest without the consent of the beneficiary, but the entire weight of authority is that in these beneficial associations, when the policy issues to the beneficiary, there is no vested interest and that the member at any time may change his beneficiary or make a new substitution without the consent of the beneficiary named. So that in determining this question we think that the principle may be gathered from Section 3631-11 of the Revised Statutes. That section provides that *payments* of death benefits shall be to the families, heirs, relatives by blood, affianced wife of, or to persons dependent upon the member. The certificate in question, as will be noticed, was made payable to Alice B. Taylor, his wife, if living, and if not living, it was to be paid to the administratrix in trust for the heirs of the member. The main question here is whether or not this certificate shall be construed according to its terms at the date of issue or whether we shall construe this policy, and change in effect its character and meaning, by construing it as of the *date of the payment of the benefits*. For if it be construed as at the date of issue, Alice B. Taylor was then his wife and under the contract terms of the certificate should be paid. And if it should be construed to take effect at the date of payment and to take effect only to one of the persons named in this section of the statute, then it is very evident that Alice B. Taylor can not take, although the certificate in express terms provides that she may, and therein lies, we think, the great or seeming conflict of authority of the various cases that have been cited to us upon both sides of this question. It is our opinion that when the statutes of Ohio provided that payment of death benefits shall be to one of the class named, that this certificate should be construed as of the *time of payment* and payable only at that time to one of the classes named in the statute, if there be any such. In *Tyler* v. *Odd Fellows Mut. R. Asso.*, 145 Mass., 136, it was held that a

wife, by obtaining a divorce, lost her rights under the designation and that the attempted designation in that case to the sister was invalid and that the son was entitled to the fund. It does not seem from the reading of this case that the statutes of Massachusetts controlled in any wise the determination of this case, but it was based upon the wording of one of the sections of the by-laws of the order. The judge in deciding the case, however, says:

"Assuming then, but not deciding, that the validity of a designation is to be determined at the outset, with reference to the relation then existing between the member and his beneficiary, we think, to make it available after his death, there must then be a relation to the deceased such as is contemplated by the agreement of association and the by-laws relating to payment."

As I say, this was not based upon any constitutional requirement of payment, but upon the requirement of the by-laws of the association, that payment at death be paid under the provisions of its constitution. In the case of *Schonfield* v. *Turner*, 75 Tex., 324, the second proposition of the syllabus is that a divorced wife is entitled to no share of the benefit fund which, by the rules of the association, goes to the member's heirs, no beneficiary having been appointed by it. Judge Henry uses the following language in the opinion:

"What the policy of the law forbids to be done must be treated by courts, when administering the law, as never having been done. * * *
"Upon the death of the member the beneficial interest vested in his heirs. When the person designated to receive the insurance is held by the law incapable of taking it for his own use, on grounds of public policy, it will be entirely consistent with the manifest purposes of the order to make the same disposition of the money that would have been made if he had been dead."

One of the strongest cases in support of the conclusion which we have arrived at, probably is the case of *Order of Ry. Conductors* v. *Koster*, 55 Mo. App., 186, but I will read only from the syllabus in this case:

"1.    A benefit certificate differs from an ordinary policy of life insurance, in that it speaks with reference to the conditions existing at the death of the member whose life has been insured by it.

"2.    Accordingly, when the status of the beneficiary under such certificate is the mean, if not the sole, inducement to the insurance, * * * as where the certificate is in favor of the wife of the insured and she is designated mainly by that relationship * * * the rights of such beneficiary lapse, if that status does not exist at the time of the death of the insured.

"3.    And when the laws of the benefit society stipulate that the beneficiary must have an insurable interest in the life of the insured member that interest must exist at the death of such member.    Accordingly, a divorced wife who remarried, and moreover, has no living issue by the insured member, is not, under such laws, entitled to the benefit."

Now, in this state especially, we think that these cases are applicable to the case that we have at hand but, if anything, Ohio has a more stringent law upon that subject.    The majority of these cases are based simply upon the constitution of the various orders, whose evident policy is, in each case, to give the death benefits of the deceased member to some member of the family or blood relative or other person who is dependent upon him, but here, in addition to the language employed in Section 63 of the constitution of this order, we have a provision of statute that payment of death benefits shall be to the families, heirs, blood relations, affianced wife of, or person dependent upon the member.    That was the purpose of the organization of beneficial associations of this character.    The persons who become members of the order are usually men of limited means who contribute from their earnings for the purpose of keeping up these certificates and who expect either, during life, payment for some physical disability, or, in case they die, that the benefit of the fund to which they have contributed shall be paid to some person dependent upon them.    That was the purpose for which this provision was placed in this statute.    In some other states no provision is made for this, but are usually found, as we have stated, in the constitution of the order.    To the same effect is 1 Bacon on Benefit Societies, Section 253; *Lister* v. *Lister*, 72 Mo. App., 99.    Now, then, we have come to the conclusion that

if a member of a beneficial organization of this character attempts to make any kind of a designation to any person other than to the class mentioned in Section 3631-11, that such designation would be invalid and he has no power to make it, for the reason that I have stated, that that section requires that payment shall be made to the class mentioned. Since this certificate was issued and this organization was formed this section has been changed to some extent, but that change has not touched the spirit of the section, and it now provides that payment shall be confined to this class, but it has added one other subject to the class, viz.: those related by marriage or adoption. That is the only change made in the statute since this certificate was issued. In support of the proposition that it is impossible for a member to name any person as beneficiary except as provided in this statute: *National Mutual Aid Assn.* v. *Gonser,* 43 O. S., 1; *State, ex rel Atty.-Gen.,* v. *Peoples' Mutual Benefit Assn.,* 42 O. S., 579.

In the latter case the first proposition of the syllabus is as follows and is very pertinent to the case at bar.

"Associations organized under the provisions of the law embodied in the Revised Statutes, Section 3630, 'for the mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of deceased members,' are not authorized to issue certificates of membership payable to the named beneficiary or 'assigns,' nor payable in case of death to others than the family or heirs of the insured member."

It would seem that the policy and spirit of this statute relating to these associations would be perverted if the members would be allowed to make what would originally be a valid designation to his wife, and that she should thereafter change her status, and become a divorced wife, and it would be doing indirectly what the policy of the law prohibits. The law provides only for the status of the beneficiary at the time the death benefits should be paid and we do not think that any of the cases cited by counsel upon the other side are in conflict with that clause, unless it be possibly one or two, and those are based upon a state of facts which are not controlled by the laws of the

states in which they were decided but rather by the constitution
or by-law provisions of the order. The cases cited by the counsel
who contends that Alice was entitled to this benefit fall within
two classes.

First, they are that class of ordinary life insurance cases
where the rules of ordinary insurance companies, such as found
in 63 O. S., 77, govern, because there is a vested interest there,
and which do not apply in this case, and furthermore, they do
not apply because of the language of Section 3631-11, which
limits the time of payment. And so, also, is the case of *Com.
Mut. Life Insurance Co.* v. *Schaefer*, 94 U. S., page 457. That
is also a case in which recovery is sought against an ordinary
life insurance company.

Second, all the other cases are in the class where it appears
from the opinion, that no statute controls and where the con-
tract or certificate itself provides that the payment to the
beneficiary shall be construed to be as of the date of issue of
the policy and not of the date of the death. *Brown* v. *Grand
Lodge A. O. U. W.*, 57 Atl., 176.

There it does not appear there was any statutory provisions
controlling the case, but in the third proposition of the syllabus
this is found:

"The by-laws of a beneficial association provided that the
beneficiary might be either a member of the family of the in-
sured, or one related to him by blood, or one dependent upon
him, but did not require that such beneficiary, at the time of
the death of the insured, should belong to one of such classes."

We think here, if the Ohio statute means anything, that it
requires the status to be fixed at the time of the death; but,
*supra*, the judge says:

"It should be observed, and it is important to keep in view
the fact, that the laws of this association do not require the
beneficiary to belong to one of the specified classes at the death
of the member, when the rights of the beneficiary become
vested."

To the same effect is the case of *American Legion of Honor*
v. *Smith*, 45 N. J. Eq., 466. There the divorce was a divorce

*a thoro et mensa.* It was not an absolute divorce from matrimony, and the court there held that the divorced wife had a right to the benefit because her property rights were not destroyed. She had all the rights of a wife and therefore that case is not applicable.

In the Colorado case of *Overhiser* v. *Overhiser*, 59 Pac., 75, it does not appear there that any statute governed but that the by-laws governed there at the time of issue. On page 78 of that case you will find this language of the judge delivering the opinion:

"In some of these voluntary associations, similar in character to this, it is provided that, in case the beneficiary named in the certificate shall die or become incapacitated to take, then, in either event, the fund shall go to certain other parties or heirs. There is not claimed to be any such provision in the by-laws of this association. Again, in some, it is provided that no benefits shall be paid to any person unless such person comes within one of certain classes. There is no such provision here. In others, the statute laws of the jurisdiction, under which they are organized or operate, regulate the distribution of the fund, or impose restrictions upon the society in respect thereto. This is not the case here. The only requirement in this case, and that by the laws of the association, is that no certificate shall issue unless the beneficiary be named, and that such beneficiary be within one of certain classes. It will be seen at a glance that there is a wide distinction between a requirement that a certificate shall issue to only one of a certain class of persons, and one that payment can be made only to one of a certain class."

*James* v. *Supreme Council of the Royal Arcanum*. 130 Fed., 1014, was a case in which one, though not a legal wife (the member had a legal wife living and had committed bigamy and married another), in good faith believed that she was his wife and had children by him who were supported by him. The member died and the court held that under the provisions of the statute that any person dependent upon the deceased member shall receive payment of death benefits, the plaintiff could recover as one of the persons dependent.

In the case of *Courtois et al* v. *Grand Lodge of, A. O. U. W. of California et al*, 67 Pac. Reporter, 970, from the reading of

that case it does not appear that there were any state laws controlling the disposition of the fund or the payment of the fund at the death of the member. I read from the opinion of Judge Haynes:

"The evident policy of the order is that the beneficiary named in the certificate when it issues shall be at that time of the class designated in said by-law, but beyond that it reserves no control, and makes no provision by which it may make or compel a new designation of a beneficiary, or by which it may itself appoint a beneficiary or cancel the certificate."

No statute controlling, the by-laws controlling only, in as far as it appears from the opinion, it was the policy to make the certificate control only at the time of issue. So that we have come to the conclusion that Alice, the divorced wife, has no right to the death benefits in question.

The question then arises whether or not, under the provision of the constitution, Section 63, this certificate has lapsed or reverted to the society itself. That provision provides in case the member makes an unlawful designation in violation of this section the benefits shall revert and belong to the brotherhood.

In the first place the member did not make an unlawful designation. When the designation was made it was a lawful one. There was no act upon the part of the member making an unlawful designation. However, under our view of the case, even if the member had made an unlawful designation and there were certain members of the family dependent upon him under Section 3631-11, then the proceeds would yet go to the one of the class therein named. It is said by some of the text-books, viz., Bacon on Benefit Societies and Life Insurance, Section 243a, that in cases of this character when there is a statute controlling and there is a lapse of the designation that the benefit generally will not revert to the society, but, as a matter of fact, a trust accrues in. favor of the classes named in the statute. This certificate provides as follows: "That at the death of the member the death benefits shall be paid to Alice B. Taylor, his wife, if living, if not, to the executors or administrators in trust for his heirs at law." We think that in the construction of the contract here the words "Alice

B. Taylor'' should be taken as *descriptio personae*, as designating merely her status at the time of issue and for the purpose of construing the contract should be treated as surplusage; if that be the case, this certificate would read that the death benefits should be paid to his wife, if living; if there was no living wife, then to the administrator in trust, and we are supported in this conclusion by the language of the judge in a 55 Mo. App. case, *supra*, when he says in the course of his opinion:

"The rule of law of insurance, that, if one have an insurable interest at the date of the policy, the policy is not vitiated by termination of that interest, does not apply in a case like this. This act is testamentary in its character in the respect that it speaks at the death of the member. As long as the lady who is now Mrs. Lally, filled the description given in the certificate, she was under its protection, but, when she ceased to fill that description, her interest in the certificate ceased. On the death of H. A. Koster, the certificate, speaking for the first time, called for his wife and there was none to answer."

And to the same effect, we think, is the text in Joyce on Insurance, Section 818, where he says:

"The effect of divorce seems to be to terminate the relation of 'wife' under a mutual benefit certificate, so that if a wife is designated and she obtains a divorce, she loses her right to claim any part of the fund. This rule rests on the ground that the status of the beneficiary, being the sole inducement for the insurance, the object of the benefit is and always remains in the person filling that particular status, and the name, when given, is a mere descriptive designation. And this rule has been supported where the payment is to the 'heirs or members of his family.' "

So that, in view of the authorities cited, and especially of the limitation placed upon these contracts by the statute of Ohio above referred to, we think that neither the divorced wife nor the association itself is entitled to the benefits arising from this certificate, but that they accrue to the administratrix in trust for the heirs at law.

*E. Jay Pinny*, for plaintiff in error, the Brotherhood.

*W. D. Yaple*, for defendant in error, Jane Taylor, Admx.

*W. W. Boulger*, for Alice B. Taylor.