NELLIE KEENER, Respondent, v. GRAND LODGE, A. O. U. W., Defendant; KATIE KEENER, Appellant.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

1. **Benefit Societies**: RELATION OF MEMBER TO FUND: APPOINTMENT OF BENEFICIARY. The member of a lodge in a benefit society has no interest in the fund, and it is not assets of his estate; he has simply the power of appointment, and only those can become beneficiaries whom he has appointed; and so his wife when not appointed cannot receive the fund.

2. ———: WHO MAY BE APPOINTED: STATUTE CONSTRUED. The beneficiary of the fund must be of the class named in the law which brings the association into being, and neither the terms, "families" or "other dependents," include one knowingly occupying the relation of concubine or mistress, though named in the certificate as bearing the relation of wife, and though the member may have supported her, and she depended upon him for support.

3. ———: DUTY OF THE COURT WHEN THE FUND IS BROUGHT IN. When the benefit society brings the fund into court at the suit of the wife, and asks the mistress be summoned to interplead, and that the court settle the claims of the parties and discharge the society, it does not thereby confess the right of the mistress to the money, but in effect denies it, and it is the duty of the court to see that the money is paid out, as directed and required by the rules and regulations of the society, and to determine who is the proper person to receive it.

4. ———: BY-LAW AS TO BENEFICIARY CONSTRUED. In this case the by-law of the society, in relation to the beneficiary, provided among other things, that in case the beneficiary die during the life of the member, and he shall have made no other directions, the benefit shall go to his heirs at law, and in this case, the certificate having issued, and there only being a failure as to the beneficiary, it is *held* that a forfeiture should not be declared, and that the heirs should take the benefit

*Appeal from the Buchanan Circuit Court.*—Hon. O. M. Spencer, Judge.

Reversed and remanded (*with directions*).

*M. Campbell, Crosby, Craig & Kelly,* for the appellant.

The trial court erred: (1) In giving judgment for the plaintiff after finding that George Keener, deceased, and the defendant had contracted for the benefit of the interpleader, Katie Keener. *Barker v. Scudder*, 56 Mo. 275; *Story v. W. M. M. B. Ass'n*, 95 N. Y. 474; *Tureman v. Stephens*, 83 Mo. 221 and cases; *Kyle v. Bellinger*, 79 Ala. 516; *Gas Co. v. Lotzes*, 2 South [Fla.] 609; *Chamberlain v. Railroad*, 6 Cen. [Md.] 471; *Topliff v. Topliff*, 122 U. S. 121; *Gaslight Co. v. St. Louis*, 46 Mo. 121. (2) In making the mere fact of legal wifehood a title to the money in suit, when the laws of the order make the direction of deceased conclusive; and, in the absence of direction, passing it to the heirs at law of George Keener, leaving the wife, as such, without interest. Const. A. O. U. W., secs. 1 and 16, art. 6; *Coleman v. Knights of Honor*, 18 Mo. App. 195; *Davidson v. Knights of Pythias*, 22 Mo. App. 263; *Grand Lodge v. Elsner*, 26 Mo. App. 108; *Hammerstein v. Parsons*, 29 Mo. App. 515; *Arthur v. O. F. B. Ass'n*, 29 Ohio St. 557; *Fenn v. Lewis*, 10 Mo. App. 481; *Hodge's Appeal*, 12 Ch. Leg. N. 421. Wherefore an unnamed wife can have no interest in the fund. (3) In making the mere facts,

that Katie Keener was not related to, or of kin to George Keener, and could not compel George Keener to support her, conclusive against her right to this money. *Williams v. Tiedman*, 6 Mo. App. 269; *Kent v. Miltenberger*, 13 Mo. App. 503; *Raft Co. v. Roach*, 97 N. Y. 378; *Byrne v. Casey*, 1 S. W. Rep. [Tex.] 38; *Gambs v. Ins. Co.*, 50 Mo. 48; *Exp. Aid Soc. v. Lewis*, 9 Mo. App. 415; *Masonic Soc. v. Burkhart*, 10 N. E. Rep. 79; *Appeal of Beatty*, 15 Atl. Rep. [Pa.] 861; *K. of H. v. Watson*, 15 Atl. Rep. [N. H.] 125; 2 Am. & Eng. Ency. of Law, 178; *Gundlach v. Germ. Ass'n*, 49 How. Pr. [N. Y.] 190; *Lamont v. G. L. of Iowa*, 31 Fed. Rep. 177; *Highland v. Highland*, 109 Ill. 366; Webster's Unabridged Dictionary; *King v. Darlington*, 4 T. R. 797; *Wade v. Jones*, 20 Mo. 76; *Backman v. Crawford*, 3 Hung. [Tenn.] 216; R. S. Mo., sec. 3126; 1 Kent's Com. (side page) 465; Dwarris on Stat. 615, *et seq.; Field v. People*, 2 Scam. [Ill.] 79. She was an actual dependent in the sense of section 972, Revised Statutes of Missouri. *Grand Lodge v. Elsner*, 26 Mo. App. 110; *Supreme Lodge v. Naime*, 22 C. L. J. 276. George Keener having performed his part of the contract, its validity throughout is indisputable, since his death. Bishop on Contracts [Enlarged Ed.] sec. 286. That the contract was not authorized is no defense now, if conceded. Boone on Corp., secs. 98 and 101; Morawetz on Priv. Corp., secs. 693 and 694; Angell and Ames on Corp. [10 Ed.] sec. 256, note "a;" Sedg. on Stat. and Const. Law [2 Ed.] 73; *Nat. Bk. v. Hurst*, 7 Mo. App. 42; *Thornton v. Bank*, 71 Mo. 221; *Railroad v. McCarthy*, 96 U. S. 267; *Hitchcock v. Galveston*, 96 U. S. 341; *Mining Co. v. Bank*, 96 U. S. 640; *Arms Co. v. Barlow*, 63 N. Y. 62; *Beecher v. Mill Co.*, 45 Mich. 103; *Wright v. Lead Co.*, 101 Pa. St. 264; *Sar. Inst. v. Bd. of Ed. etc.*, 75 Mo. 408; *Mussey v. Rochester M. R. Co.*, 34 Hun. [N. Y.] 254; *Matt v. R. C. M. P. Soc.*, 30 N. W. Rep. [Iowa] 799; *Bloomington M. L. B. Ass'n v. Blue*, 11 N. E.

Rep. [Ill.] 331; *Story v. W. M. M. B. Ass'n*, 95 N. Y. 474. And defendant can and does waive such defense. Bishop on Contracts [Enlarged Ed.] secs. 94 and 793. *K. of H. v. Watson*, 15 Atl. Rep. [N. H.] 125; *Erdman v. Mut. Ins. Co.*, 44 Wis. 376; *Roswell v. Eq. Aid Union*, 13 Fed. Rep. 840. Only defendant can directly make such defense. *K. of H. v. Watson*, 15 Atl. Rep. 125. And no private citizen can collaterally raise the question of *ultra vires*. *Hovelman v. Railroad*, 79 Mo. 632, and cases. The question between these women must assume the validity of the contract to give either a right to demand the fruits of the contract. *The Pres., etc., Md. Hosp. v. Foreman*, 3 Am. Corp. Cas. 356; *Curtis v. Leavitt*, 15 N. Y. 239.

*E. C. Zimmerman* and *James W. Boyd*, for the respondent.

(1) We claim in this case that Katie Burke, *alias* Katie Keener, does not come within the class designated, and that, as such a designation was an unlawful designation, it was, therefore, as if no designation had been made at all. The law then in that case, which was made for the benefit of the member's family, makes the designation. Bacon on Benevolent and Life Insurance Companies, 373, sec. 252; *The Legion of Honor v. Perry*, 140 Mass. 580; *Daniels v. Pratt*, 143 Mass. 216; *Grand Lodge v. Elsner*, 26 Mo. App. 109; *Bagse v. Adams*, 81 Ky. 369; *Hellenburg, Ex'r, v. The Independent Order of B'Nai Berith*, 94 N. Y. 580; *Supreme Lodge Knights of Honor v. Richardson*, 22 Cent. Law Jour. 274; *Ins. Co. v. Miller*, 13 Bush, 489; *Weisert v. Muehl*, 81 Ky. 336; *Van Biber v. Van Biber*, 14 Ins. Law Journal [Ky.] 290; *State v. Relief Ass'n*, 29 Ohio St. 399; *Briggs v. Earl*, East. Rep. 175; *Hellenburg v. I.O.B.B.*, 94 N. Y. 580; *Harman v. Lewis*, 94 Penn. 50; *Esterman v. Relief Ass'n*, 24 Fed. Rep. 97; *Stevenson v. Stevenson*, 64 Iowa, 534; *Hammerstein v. Parsons*, 29 Mo. 516.

Under all circumstances, the wife has an insurable interest in the life of her husband, though it has been said, that, to support the interest, she must be his lawful wife. Bacon, page 368, sec. 250; *Holabird v. Ins. Co.*, 2 Dill. 166; 2 Ins. Law Jour. 588; *Life Ins. Co. v. Shafer, supra; McKee v. Life Ins. Co.*, 28 Mo. 383; *Grand Lodge v. Elsner*, 26 Mo. App. 108. The definition of the word "family" comprises, under our statute, the father, mother or children. See Bacon, sec. 256, pages 378, 379, 380; Bacon, sec. 259, pages 387, 388. Dependents, see Bacon, sec. 261, page 394. A brother has been held to have no insurable interest in the life of a brother. Bacon, sec. 250, page 368; *Lewis v. Life Ins. Co.*, 39 Conn. 100. (2) The interest acquired by a member of the association is not one payable to himself or for his own benefit, further than for his funeral expenses. It cannot be classed among the assets to be returned by the administrator in his inventory. It is not a chose in action, or any species of personal property. Bacon, sec. 237, page 338; sections 243, 244 and 245, pages 354, 355, 356 and 359; *Hellenburg, Ex'r, v. Independent Order of B' Nai Berith*, 94 N. Y. 580; *Daniels v. Pratt*, 143 Mass. 217. This fund was appropriated by the company for this purpose, and whether or not some heir or blood relative would have a claim against this company was not submitted to the court, and, in this case, need not be determined by such tribunal. *Harman v. Lewis*, 24 Fed. Rep. 97; Bacon on Benefit Societies, sec. 252, page 373.

ELLISON, J.—Nellie Keener, the plaintiff, and lawful widow of George Keener, deceased, brought her action against the Grand Lodge of the Ancient Order of United Workmen, to recover the sum of two thousand dollars, being the amount of a "beneficiary certificate" to which George Keener was entitled, and which was issued to him by the lodge, by reason of his being a member

thereof in good standing. The defendant lodge made the following answer, the facts therein stated being substantially proved at the trial: "Defendant alleges that George Keener, a resident of Kansas City, Missouri, in September, 1884, became a workman degree member of the Summit Lodge, No. 272, A. O. U. W., at said city, and so remained, in good standing, till his death, on or about February 20, 1888; that, at the time of his admission to said workman degree, a beneficiary certificate of the Grand Lodge of the A. O. U. W. of Missouri, at his request, made payable to his friend Katie Burke, was issued and delivered to him; that, in October, 1887, said George Keener surrendered said beneficiary certificate, and a new one was issued to him, with a change of direction, as per his request, and made payable to Mrs. Katie Keener, his wife; that Mrs. Katie Keener now resides in the City of Kansas, aforesaid, has said beneficiary certificate in possession, has made proof of said George Keener's death to said Grand Lodge, and claims to be the proper person to receive said two thousand dollars; that defendant is ready and willing to pay said sum to the party entitled thereto, and brings it into court for the party adjudged entitled to it; that Katie Keener has notified defendant not to pay it to plaintiff, and is threatening to sue for it. Whereupon defendant asks that Mrs. Katie Keener, aforesaid, be made party to this suit, and summoned to appear and interplead and set up her rights, that the court settle the claims of said parties and discharge defendant."

It appears that deceased and plaintiff, Nellie, were lawfully married at the city of St. Joseph, in 1874, and lived together for a period of some ten years, when he became acquainted with Katie Burke, who is the same person who interpleads here as Katie Keener. That from thence on, until his death, in 1888, with possibly short periods of intermission, they lived together in an unlawful, illicit and licentious way. At the same time,

it is equally clear that he directed both certificates mentioned in defendant's answer to be paid to Katie, and not to his wife. The beneficiary named in the first certificate was "his friend, Miss Katie Burke." The second had on it an endorsement revoking the first, and naming the beneficiary as "Mrs. Kate Keener, bearing the relationship to myself of wife." This endorsement was about one year previous to his death. The deceased, while in his mortal sickness, two days before his death, had, or permitted, a marriage ceremony to be performed between himself and Katie.

The circuit court found the facts substantially as they are herein stated, but rendered judgment for plaintiff Nellie, the lawful widow of deceased. Do the facts authorize the judgment? Our opinion is, they do not. The member of the lodge has no interest in the fund. It is not assets of his estate. He has simply a power of appointment, and only those can become beneficiaries, whom he has appointed. Bacon on Benefit Societies and Life Ins., sec. 237. So, then, when we find the fact that Nellie Keener was not the individual to whom deceased directed the fund to be paid, it follows, as of course, that she, not having been appointed, cannot receive it. But it does not follow that the interpleader should receive it.

The beneficiaries of a fund, coming from these benevolent associations, must be of the class named in the law which brings the association into being, and the appointee must be one of that class. *Grand Lodge v. Elsner*, 26 Mo. App. 108; *National M. A. A. v. Gonser*, 43 Ohio St. 1; *American Legion of Honor v. Perry*, 140 Mass. 580; *Daniels v. Pratt*, 143 Mass. 216; *Presbyterian M. A. F. v. Allen*, 106 Ind. 593; Bacon on Benefit Societies, secs. 244, 252. By section 972, Revised Statutes, 1879, such societies or associations may provide "for the relief and aid of the families, widows, orphans, or other dependents of their deceased members,

or for assisting such as may be sick or disabled; from the proceeds of assessments upon the members of such society or association." One knowingly occupying the relation of concubine or mistress to such member does not belong to either of the classes mentioned. The only one of the above classes, to which she could possibly belong, would be that of "other dependents," and one knowingly occupying the relation interpleader did to deceased is not a "dependent" in the sense of the statute.

I would not restrict dependents to those whom one may be legally bound to support, nor, yet, to those to whom he may be morally bound, but the term should be restricted to those whom it is not *unlawful* for him to support. It is not lawful to support a woman knowingly occupying the illicit relation in which interpleader places herself. And while it may be true that deceased supported interpleader, and that she depended upon him for support, yet, the object of his support, and the consideration rendered him by her, is abhorrent to morals and law, and is subversive of society at large. The law could not have been intended for the protection of such a person, nor aim to bestow a reward on such conduct.

It is contended that she falls under the designation of "families." The foregoing remarks are alike applicable to this contention. Interpleader was not of deceased's family, as contemplated by the statute.

It is insisted that the association is the only party which can take advantage of these objections, and, as it is making no objection to the payment, the judgment must be in favor of interpleader. But this would be permitting the association to do indirectly, what the law has forbidden it to do directly. The corporation, as an association, has its existence from the law, and it has no power to raise funds, or to pay them over to any other than those contemplated by the law. Bacon on

Benefit Societies, sec. 244, 252, and authorities *supra*. If we permit the mere acquiescence of the corporation to cause an illegal diversion of the fund, we enable it to thwart the object and evade the command of the law, its creator. Interpleader is in a court of equity asking that she be paid a fund which has been raised for others, and which does not belong to her. The association does not confess it to be hers by right, but by paying the money into court and asking the court to adjudicate the matter, it, in effect, says, the money may not belong to her. The fact of its fear, that she is not the rightful party, is the cause of the association taking the course it has.

In speaking of a matter of this nature, the supreme court of Wisconsin says: "The fact that the association has paid the money into court, instead of paying it directly to the widow, to avoid litigation with other claimants, can make no difference as to the rights of the persons claiming the same. If the appellant could not have recovered this money in a direct action against the association, he cannot recover it in this action. The association not having, for prudential reasons, paid the money to the party entitled thereto, the court must see that it is paid out as directed and required by the rules and regulations of the society * * *. The money having been paid into court, the court must now determine who is the proper person to receive it, * * *." *Ballou v. Giles*, 50 Wis. 614.

We have been cited to two cases as holding views contrary to the above. One of *Story v. The Williamsburg M. M. B. A.*, 95 N. Y. 474, is not in conflict. The case concedes that the by-law of the association may have contemplated only the *lawful* widow as the beneficiary, but that such was not a limitation on the power of the company recognizing as a beneficiary one, whom the deceased had designated as holding to him the relation of wife. The plaintiff, in that case having lived

with the deceased for sixteen years, *believing herself to be his lawful wife*, and having children by him, dependent upon them for support. The opinion holds such case to be one which the *law* aimed to protect.

The other case cited is from New Hampshire (15 Atlantic Rep. 125), and is contrary to the views we have expressed. But the reasons we have advanced appear not to have been suggested in that case, and we are so fully pursuaded that the decision is unsound, that we are not inclined to follow it.

It will thus be seen that we are of the opinion that neither plaintiff nor interpleader is entitled to the money, and this brings us to the question of what shall be done with it. We have not arrived at a conclusion without considerable difficulty.

As we have seen, the law authorizing the association governs as to the persons or classes to whom the fund may be paid. The member has no property interest in it; he has the naming of the beneficiary, the mere power of appointment. If he fails to make such appointment or designation, and the law, or the by-law of the association within the limits of the law, does not make it in case he fails, the fund will lapse to the association. Bacon on Benefit Societies, sec. 237, 243; *Hellenburg v. Dist. No. 1 of I. O. of B. B.*, 94 N. Y. 580. The difficulty in finding authority, applicable to this branch of the case, lies in the fact that the by-law of this association differs from that of any other which we have met with in our examination of this case. It is as follows:

"*Beneficiary fund. 'Sec. 1. Who entitled to the $2,000.* Upon the death of a workman degree member, in good standing, of a subordinate lodge of the order under the jurisdiction of this Grand Lodge of the Ancient Order of United Workmen, such person or persons as said members may have directed, while living, shall be entitled to receive from the beneficiary fund of the order the sum of two thousand dollars; provided, said member shall have complied, in all particulars, with

all the laws, regulations and requirements of the order, and with the following conditions:

"'Sec. 16.    *    *    *    If one or more of the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction, the surviving beneficiary or beneficiaries shall be entitled to the benefit equally, unless otherwise provided in the certificate, and if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other directions, the benefit shall be paid to his heirs at law, and if there be none such, then the benefit shall revert to the beneficiary fund of the grand lodge.'"

It will be noticed from these sections of the by-laws that the fund does not become payable except there be a beneficiary certificate; and, in all but one case, the beneficiary must have been designated by the member. That case is where the beneficiary dies in the lifetime of the member, and no other is designated, the fund "shall be paid to his heirs at law." Now we feel legally bound to make every endeavor consistent with the statute and the by-laws of the association, to prevent a forfeiture. As was said by TAYLOR, J., in *Ballou v. Giles, supra:* "In determining who is entitled to receive the benefits of the provisions made by a society of this kind, it is the duty of the court to construe its rules and regulations liberally to effect the benevolent purposes of the order, and in no case to construe them as to defeat such purposes, unless the meaning of such rules and regulations is so clear and certain as to admit of no other reasonable construction." Bacon, in his work on Benefit Societies and Life Insurance, section 247, states the same rule. See also *Supreme Lodge, K. P. v. Schmidt,* 98 Ind. 374, 381.

In this case a certificate was issued, and the deceased has complied with all his duties in relation thereto, but such certificate lacks a beneficiary, in which case, when it happens by the death of the beneficiary, the by-law declares the fund shall go to the heirs. Is it not in

keeping, then, with the evident purpose of the by-law, to declare that in this case the fund shall be paid to the heirs of deceased ? I believe, it is. Was not the purpose of the association, by this by-law, to give the fund to the heirs in any case where a certificate had been issued and there was only a failure as to a beneficiary ? Had deceased named a competent beneficiary who had, *with his knowledge,* died before him, in such case it would be substantially as if no beneficiary had been named; but I am persuaded that, under the by-laws quoted above, a forfeiture would not be declared, and the heirs would take. Such construction runs counter to no part of the statute or the laws of the association, and it is undoubtedly in keeping with the purpose, aim and intent of the order.

We will, therefore, reverse the judgment, and remand the cause, that the heirs of deceased, in addition to the widow, the present plaintiff, may be brought into court; whereupon the court will order distribution of the fund to them as their interests may be by law declared. All concur.

*Rehearing denied, January 6, 1890.*