GRAND LODGE A. O. U. W. OF MISSOURI, Plaintiff, v. JOHANNA HANSES et al., Defendants; ANNA E. RIEBLING, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. **Benefit Societies:** LODGE INTERPLEADED: BENEFICIARIES. The member, Frank Hanses, had his lawful wife put in an insane asylum and her children by him in an orphanage. He held in the order a certificate of membership for the sum of $2,000, payable to appellant "Anna Elizabeth Riebling bearing to him the relation of dependent housekeeper:" Held, that she was not a "dependent" in the statutory sense, for at the time the certificate was made payable to her, and until the death of the member, she knowingly maintained illicit relations with him.

VOL. 81 app—35

2. ———: FUND: LAWFUL WIDOW AND HEIRS OF DECEASED. Anne Elizabeth Riebling, although named in the certificate as beneficiary, was not in view of the evidence, under the statute and by-laws of the order, entitled to the fund, but the lawful widow and heirs of the deceased member, were.

Appeal from the City of St. Louis Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

(1) A person occupying the relation of mistress or concubine in ignorance of the true state of affairs, and in the belief that she is the wife of the member in a benefit society, when named in his certificate as a "dependent," and shown to have lived with the member and been supported by him, comes within the classes named in the law creating benefit societies in Missouri. Lodge v. Elsner, 26 Mo. App. 108; Keener v. Lodge, 38 Mo. App. 543. (2) Any evidence tending to show the dependency of the beneficiary is admissible, and the exclusion thereof is error. (3) A dependent need not be a member of deceased's family. Lodge v. Elsner, 26 Mo. App. 116; Lodge v. Naime, 22 C. L. J. 276.

*Foster & Rodgers* for respondent.

(1) One claiming as beneficiary under certificate of mutual benefit associations must have an insurable interest, and come within the prescribed class in statute and by-laws of the association. Singleton v. Ins. Co., 66 Mo. 63; Keener v. Lodge, 38 Mo. App. 543; Whitmore v. Lodge, 100 Mo. 136; Ins. Co. v. Rosenheim, 56 Mo. App. 27; Fenn v. Lewis, 81 Mo. 259; R. S. 1889, sec, 5866. (2) A "dependent" within the meaning of the law is one whose claim for support arises out of a lawful relationship. Lodge v. Elsner, 26 Mo. App.

116; Alexander v. Parker, 144 Ill. 355. (3) One who voluntarily occupies the relation of concubine or mistress is not a "dependent" within the meaning of the law, or in the sense of the statute of Missouri regulating mutual benefit associations. McCarthy v. Lodge, etc., 153 Mass. 314; Warnack v. Davis, 104 U. S. 775; Bacon on Benefit Societies, sec. 261, p. 394.

BOND, J.—This is an interpleading contest between the lawful wife and heirs of a deceased member of a fraternal beneficial order and one Anna E. Riebling, designated in the benefit certificate, which is the subject of dispute, issued upon the member's life, as his "dependent housekeeper." Under the laws of the order providing for the payment of the fund represented by a benefit certificate in case of a failure to designate a beneficiary therein to the heirs at law of the deceased, the trial court awarded the fund which had been paid into court to the lawful widow and heirs of the deceased member. Mrs. Riebling appealed.

The evidence adduced on the trial conclusively showed that appellant was aware of the illicit relations which she sustained to the deceased member, as appears from the following question and answer:

"Q. What, if anything, was said about being married to one another?

"A. After living together and having children, I kept urging him to get married, and he said that he had children and he would take care of her and them and me and mine."

By the word "her" used in the foregoing answer the witness (appellant) evidently referred to the lawful wife of Frank Hanses, the deceased member, to whom he had been married by a formal ceremony for a number of years, and whom, after she had borne several children, he caused to be incarcerated in a lunatic asylum, and at the same time placed her children in an orphan asylum. When the latter attained

sufficient growth to work he either secured places for them, or took them to the house occupied by himself and appellant. It further appears that when it became known to these children that their mother was alive and confined in an asylum, those who were at their father's house left it and subsequently secured the release of their mother, and took her to live with them. It further appears that during all this time Mrs. Riebling, the appellant, continued to cohabit with Frank Hanses and maintained her connection with him until his death. It is perfectly plain from this and other evidence, that she was aware of the impropriety of her relations to Frank Hanses when the certificate in suit was issued on the eighth day of November, 1894, or about eighteen years after she began to live with him. Indeed, the learned counsel for appellant does not seem to controvert this fact, but urges that as his client began her relations in innocency she ought to be considered as a "dependent" in the statutory sense of that term as designating a proper beneficiary in an order like the present. This position does not afford a true test of appellant's eligibility as a beneficiary. In order to entitle her to be a beneficiary, she must have been a dependent in the statutory sense, at least at the time she was designated as such in the certificate, since she was not then, nor since embraced in any other class provided for by statute or the laws of the order. Upon the evidence in this record she was not such a "dependent." For the conclusion is inevitable from the testimony that when the certificate was made payable to her as such and thereafter until the death of the member she knowingly maintained an illegal cohabitation with him. This, under the rule announced by the Kansas City Court of Appeals, disentitled her to take as a dependent in the statutory sense upon the deceased member. Keener v. Grand Lodge, 38 Mo. App. 543. Hence there was no error in the decree awarding a fund in accordance with the rules of the order providing for its disposition upon a failure on the part of the member to make a

proper designation of a beneficiary, and it is affirmed. All concur.