FOURTH DISTRICT—FEBRUARY, 1910.      7

Sanders v. Grand Lodge A. O. U. W. of Illinois, 153 Ill. App 7.

## Josephine Crain Sanders, Appellant, v. Grand Lodge A. O. U. W. of Illinois et al., Appellees.

1. FRATERNAL BENEFIT SOCIETIES—*who ineligible as beneficiary.*
A brother-in-law of a member is not eligible as a beneficiary under
a benefit certificate.

2. FRATERNAL BENEFIT SOCIETIES—*who takes fund in absence of
designation of eligible beneficiary.* In the absence of the designa-
tion of an eligible beneficiary in the certificate issued by a
fraternal benefit society, the fund passes to the heirs at law and
next of kin of the member.

3. FRATERNAL BENEFIT SOCIETIES—*who may question eligibility of
beneficiary.* The right to question the eligibility of a beneficiary
does not rest in the society alone but such question can be urged
by the heirs at law of the deceased member.

4. PLEADING—*when offer to do equity not essential to relief.*
Relief may be awarded notwithstanding the complainant or peti-
tioner has not offered to do equity, the court having the power by
its decree to compel the doing of equity by such complainant or
petitioner.

Bill of interpleader. Appeal from the Circuit Court of Alexander
county; the Hon. W. N. BUTLER, Judge, presiding. Heard in this
court at the October term, 1909. Reversed and remanded with direc-
tions. Opinion filed February 11, 1910.

GORDON & DETRICH, for appellant.

ANGUS LEEK, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the
court.

On August 8, 1907, appellee, Grand Lodge A. O. U.
W., hereinafter called the complainant, filed its bill
of interpleader in the Circuit Court of Alexander
county alleging that on April 5, 1895, it issued its cer-
tificate of membership for the sum of $2,000 on the life
of one Joseph C. Crain, payable upon his death to his
wife Josephine Crain; that on June 23, 1906, Joseph
C. Crain requested it to revoke said certificate and
directed it in writing to issue a new certificate of mem-
bership on his life payable to his brother-in-law, ap-
pellee, John T. Ehlman, in lieu of said former certifi-

cate and that in compliance with such request, it did, on July 11, 1906, issue a new certificate on the life of said Joseph C. Crain for said sum payable to appellee Ehlman; that said Joseph C. Crain died September 29, 1906; that since said death of Crain there had come into the possession of said complainant for distribution the sum of $2,000 which it held for the use of such beneficiaries as might be entitled thereto; that appellee Ehlman and one Josephine Crain Sanders, claiming to be a daughter of Joseph C. Crain, each had made claim to the fund and demanded payment, and that being willing to pay said sum to the person lawfully entitled thereto, it offered to bring the same into court.

The bill prayed that said parties so claiming the fund interplead and adjust their demands and that said complainant association be permitted to bring into court and pay said sum to such person as might be found entitled thereto less its costs for filing said bill.

Appellant, Josephine Crain Sanders, and appellee, Ehlman, separately answered the bill each claiming the fund, while one Rachel Fisher filed an intervening petition alleging she had paid dues and assessments which had accrued on the first certificate of membership issued by said association on the life of said Joseph C. Crain for the first seven years after the same was issued and asking that an account be taken of the amounts so paid by her and that the amount found to be due her upon taking the account, together with legal interest, be decreed to be paid her out of said fund. Answers with replications thereto were filed, evidence heard, and the court rendered a decree finding appellee Ehlman entitled to the fund after allowing the association the sum of fifty dollars for a solicitor's fee for filing its bill of interpleader.

Appellant, Josephine Crain Sanders, prayed an appeal to this court and filed her appeal bond within the required time, but it is claimed by appellee Ehlman

that she never presented a certificate of evidence to the trial judge and that none is certified and sealed by him.

An examination of the transcript of the record shows it contains what purports to have been all the evidence offered in the cause by both plaintiff and defendant. Immediately following what purports to be all such evidence, appears the following: "Geo. W. Ballard, Reporter" and beneath this the following: "Approved Wm. N. Butler, Judge, April 5, 1909." The words "Geo. W. Ballard, Reporter" are mere surplusage and may be rejected as such, and we think the signature of the judge attached to the purported evidence a sufficient certificate by him. No seal is attached to the signature of the judge but that is not required since the act of 1907. We are of opinion the evidence having been signed by the judge is sufficiently authenticated without a seal. Session Laws, 1907, paragraph 81, page 459. We also are of opinion that it is sufficiently certified that it contains all the evidence in the case.

There was no conflict in the evidence. It appears that Joseph C. Crain in the year 1878, intermarried with Maggie Pfiffer and after the marriage and during wedlock, Josephine Crain Sanders was born, she being the only child of that marriage, and the only surviving child of Joseph C. Crain. The mother, Maggie, died when the daughter Josephine was about two years of age. Joseph C. Crain afterwards remarried Josephine Fisher who died June 14, 1906, leaving no child or children or descendants. Joseph C. Crain did not again marry. The daughter Josephine after her mother's death, was reared by an aunt with whom she lived until she intermarried with one Sanders. The father contributed scarcely anything toward her support and nothing at all after the mother's death. He showed towards her none of the feelings or concern of a father.

On April 15, 1895, Joseph C. Crain became a mem-

ber of complainant's asociation taking a certificate of membership on his life for the sum of $2,000 payable at his death to his then wife, Josephine Crain. His membership under this certificate continued by the payment of dues and assessments until after the death of his wife Josephine and until July 11, 1906, when he surrendered said certificate of membership and it was cancelled at his request by complainant and another certificate of membership for the like sum was issued upon his life, and upon his request payable to the appellee, John F. Ehlman, who paid all dues and assessments accruing on said last mentioned certificate until the death of Joseph C. Crain, on September 29, 1906. Crain never paid any of the dues or assessments accruing on either certificate, Rachel Fisher, the mother of his wife Josephine, having paid them on the first certificate to the amount of $301. The amount paid by appellee Ehlman in dues upon the first certificate was the sum of $178.35 and on the second certificate the sum of $13.35 and he also paid the funeral expenses of Crain amounting to the sum of $225.95.

The beneficiary certificate had this provision: "This certificate is issued subject to and is to be construed and controlled by the laws of the order as they are or as they may hereafter be changed or amended which together with the application are hereby made a part hereof."

The following sections constituted a part of the constitution and by-laws:

"Section 61. Each member shall designate the person or persons, to whom the beneficiary fund due at his death shall be paid.

"Section 62. The beneficiary together with his or her relations, to the member, (shall be named in the beneficiary certificate) and shall be confined to the wife, children, affianced wife, blood relatives of, or a person or persons dependent upon him. In case the beneficiary is described in the application as a dependent, written evidence of the dependency must be

furnished to the satisfaction of the Grand Recorder before the beneficiary certificate can be issued. In no instance shall a divorced wife remain a beneficiary after being divorced.

"Section 63. No entry shall be made in any application or beneficiary certificate, or otherwise, permitting the designation by, or ascertainment by reference to any will of the person or persons, trustees, or beneficiary, to whom any benefit shall be payable, or the amount, or share of any beneficiary. No will shall be permitted to control the appointment or distribution of, or right of any person to any benefit payable by this Order.

"A beneficiary certificate cannot be made payable to a creditor nor be held whole or in part, or assigned to secure, any debt which may be owing by the member. An assignment of a beneficiary certificate by any member or beneficiary shall be void.

"Section 64. Any member holding a beneficiary certificate desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the Recorder with the seal of the Lodge attached, and by the payment to the Grand Lodge of the sum of fifty cents but no change of direction shall be valid, or have any binding force or effect, unless said change shall have been reported to the Grand Recorder, the old certificate if practicable, filed with him, and a new beneficiary certificate issued thereon, and said new certificate shall be numbered the same as the old certificate provided however, should it be impracticable for the Recorder to witness the change desired by the brother, attestation may be made by a Notary Public or an officer of any Court of Record, seal to be attached in attest.

"If one or more of the beneficiaries, designated by the member while living, shall die before the decease of such member, and no new designation having been made in accordance with the laws of the order, the surviving beneficiaries shall be entitled to the share of such beneficiary or beneficiaries, share and share alike, unless otherwise provided for in the certificate; and if all the beneficaries shall die during the lifetime

12    APPELLATE COURTS OF ILLINOIS.

Sanders v. Grand Lodge A. O. U. W. of Illinois, 153 Ill. App. 7.

of the member, and he shall have made no other direction, or in case of a failure to make a designation in accordance with the laws of the Order by the member while living, the benefits shall be paid to his widow, if he leaves one at the time of his death; if he leaves no widow surviving him, then said benefit shall be paid, share and share alike to his children; his grandchildren living at the time of his death to take the share to which their deceased parents would have been entitled if living; if there be no children or grandchildren of the deceased member living at the time of his death, then the benefit shall be paid to his mother if living, and if she be dead at the time of his death, then to his father if living, and if he be dead at the time of his death, then to his heirs, in accordance with the laws of the state of Illinois, and should there be no one living at the time of the death of the member entitled to said benefit, under the provisions hereof, then the same shall revert to the beneficiary Fund of the Grand Lodge.''

The act of 1893 under which complainant is now authorized to do business, authorizes benefit societies to issue certificates for the benefit only of the family, heirs, blood relations, affianced husband or affianced wife, or to persons dependent upon the member. Hurd's Statutes, 1901, chap. 73, sec. 253. Section 62 of the Constitution and by-laws above recited confines the beneficaries to the same classes.

Appellee Ehlman being a brother-in-law and not of the family, heirs or blood relations, of Crain, and not being dependent upon him, came within none of the authorized classes and was not entitled to the fund as beneficiary.

''A person who does not come within any of the designated classes of eligible beneficiaries at the time of the death of the member, cannot take as beneficiary.'' Murphy v. Nowak, 223 Ill. 301.

A member cannot direct the fund to be paid to a person who does not come within such classes, nor can the association create a fund for any persons other than those coming within the classes specified.

"Neither the act of a member in naming a person who is not within the classes to be benefitted nor the act of the corporation in making the certificate which it issues payable to such person, can deprive the beneficiaries designated by the law of their right to or interest in the fund. The designation of any one not within such class is void." Alexander v. Parker, 144 *id.* 355; Baldwin v. Begley et al., 185 *id.* 180.

Appellant, Josephine Crain Sanders, as surviving daughter was the only child of Joseph C. Crain, and being within a class specified and no beneficiary being designated authorized to take, she is entitled to the fund. Baldwin v. Begley, *supra;* Alexander v. Parker, *supra;* Palmer v. Welch, 132 *id.* 141.

It is urged by appellee Ehlman that no one but the complainant society can raise the question that he does not come within an authorized class of beneficiaries, and by filing its bill of interpleader the complainant has waived such right and it is contended appellant cannot raise the question. We think the law is clearly against this contention. Baldwin v. Begley, *supra;* Alexander v. Parker, *supra;* Palmer v. Welch, 132 Ill. 141; Royal Arcanum v. McKnight, 238 *id.* 349.

It is further insisted that appellant should have, as a prerequisite to the equitable relief prayed by her, offered to refund to Rachel Fisher and appellee Ehlman the several sums paid by them as dues and assessments upon the old certificates. Whether she offered it or not, if there was any equitable right to have it repaid from the fund it should and could have been so ordered under the pleadings and evidence. We appreciate the moral sense of obligation that might actuate appellant to offer to repay this money and we have carefully considered whether she is equitably bound to do so.

So far as appears from the evidence they were payments by persons who were not beneficiaries and if paid at the request of Crain would amount to creating a debt on the part of Crain whose duty it was to pay them if paid at all. By section 63 of the constitu-

tion and by-laws, the fund is not subject to the debts of the certificate holder and cannot be made so. So far as the claim of Rachel Fisher is concerned, the chancellor found adversely to her claim and so decreed, from which she has not appealed, and it is binding upon her.

We are of opinion the claim of appellee Ehlman for dues and assessments paid under the old certificate does not come within the equitable principles announced as arising in the cases of McGrew v. McGrew, 190 Ill. 604; Royal Arcanum v. Tracy, 169 id. 123, and Baldwin v. Begley, *supra,* and he is not entitled to have it repaid out of the fund. We think he should be refunded the amount of $13.35 paid by him as dues after he became beneficiary with five per cent interest. We are of opinion the court erred in decreeing the fund to appellee Ehlman and in not decreeing it to appellant less the sum of $50 solicitor's fee to complainant and $13.35 with five per cent interest from the date of Crain's death to appellee Ehlman.

The cause is reversed and remanded with directions to enter a decree ordering that said fund of $2,000 be distributed as follows: Fifty dollars to complainant for its solicitor's fee; $13.35 with interest at five per cent to appellee Ehlman; and the remainder to appellant, Josephine Crain Sanders.

*Reversed and remanded with directions.*