## The Columbian Circle (Defendant), v. Margaret Auslander, Appellant, v. Estelle B. Schramm et al., Appellees.

### Gen. No. 26,073.

1. INSURANCE—*when mistress cannot be beneficiary of fraternal certificate.* The designation as beneficiary in a benefit certificate of a fraternal society of a woman as the wife of insured when she was not his wife but living with him in adultery, is fraudulent and void.

2. INSURANCE—*contract between fraternal society and insured member.* The contract between a fraternal benefit society and an insured member is contained in the certificate at the time it is issued, taken in connection with the constitution and by-laws of the society and the statute under which the society was formed.

3. INSURANCE—*rights of lawful beneficiaries as affected by naming unlawful beneficiary on fraternal certificate.* Neither the act of a member of a fraternal benefit society in naming a person as beneficiary who is not within the classes to be benefited, nor the act of the society in making the certificate payable to such person, can deprive the beneficiaries designated by law of their right to or interest in the fund.

4. INSURANCE—*court's duty where designation of beneficiary in fraternal certificate void.* The designation of beneficiary in a fraternal benefit certificate being void, it becomes the duty of the court to determine what persons are entitled to the proceeds of the certificate.

5. INSURANCE—*rights of heirs where ineligible beneficiary named in fraternal certificate.* In the absence of any provision in the by-laws of a fraternal benefit society applicable thereto, the fund due under a certificate will go to the heirs at law of the insured when a person not eligible to be a beneficiary is designated in the certificate.

6. INSURANCE—*effect of subsequent marriage of insured to ineligible beneficiary designated in fraternal certificate.* Where the insured in a benefit certificate had designated therein his wife as beneficiary, naming a woman with whom he was living in adultery, which designation was void at the time the certificate was issued, the fund accruing upon the death of insured will go to his heirs at law though, after the certificate was issued, the wife of insured died and he married the woman named as beneficiary.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed October 4, 1921. Rehearing denied October 17, 1921.

HENRY F. ANTES, for appellant.

CAVENDER & KAISER, for appellees; W. V. FACKLER, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

On April 5, 1919, the Columbian Circle filed its bill of interpleader in this case alleging that it is a fraternal beneficiary society existing under the laws of the State of Illinois, and that on January 17, 1910, it issued to Morris Auslander, then one of its members in good standing, its benefit certificate number 41240, in which Margaret Auslander, the wife of Morris Auslander, was designated as the beneficiary.

Morris Auslander died on November 23, 1918, and at that time was a member of the Columbian Circle in good standing. Thereupon benefit certificate number 41240 became due and payable in the sum of $1,000. This fund is claimed by Margaret Auslander, the appellant herein, and also by Estelle B. Schramm, Arthur Auslander and Armin Auslander, the appellees, who were children of the insured by a first wife. A decree of interpleader was entered on August 15, 1919, and thereupon the Columbian Circle paid the sum of $1,000 into court and was dismissed from the suit.

The record shows that Morris Auslander formerly resided in New York City and that on November 7, 1877, he married one Bertha Schoenmann; that they lived together as husband and wife until the year 1902, when he abandoned and deserted Bertha and her three children, who are the appellees herein, and thereafter never contributed anything toward their support and

maintenance.   Shortly thereafter Morris Auslander came to Chicago, accompanied by Margaret Auslander, the appellant herein.  Thereafter they lived together as husband and wife continuously until the death of said Morris Auslander.   Bertha Auslander died in New York on November 1, 1916.   Thereafter, on February 2, 1917, Margaret Auslander was lawfully married to Morris Auslander and lived with him as his wife down to the date of his death.   The decree of the superior court directed that the fund in question be paid to the three children and an appeal therefrom has been prosecuted to this court.

It is apparent that the designation of Margaret Auslander as the wife of Morris Auslander as beneficiary in the certificate was a fraud and was void.   Margaret Auslander was not the wife of Morris Auslander at the time of the issuance of the certificate and could not have become his wife under any circumstances for the simple reason that he had a lawful wife then living. She did not come within any class of beneficiaries permitted by the statute or the by-laws of the organization.

Undoubtedly the contract between the Columbian Circle and Morris Auslander was contained in the certificate at the time it was issued, taken in connection with the constitution and by-laws of the order and the statute of Illinois, under which the organization was formed.  *Baldwin v. Begley,* 185 Ill. 187.   It was held by the Supreme Court in the case of *Alexander v. Parker,* 144 Ill. 364, as follows:  "Neither the act of a member in naming a person who is not within the classes to be benefited nor the act of the corporation in making the certificate which it issued payable to such person can deprive the beneficiaries designated by the law of their right to or interest in the fund."   The designation of anyone not within such class, as the beneficiary, is void.

The designation of Margaret Auslander as the beneficiary under the policy being void, it became the duty

of the court to determine what person or persons were entitled to the proceeds of the certificate. In the absence of any provision in the by-laws of the organization applicable to the situation, the fund would undoubtedly go to the heirs at law of the insured. *Sanders v. Grand Lodge A. O. U. W. of Illinois,* 153 Ill. App. 7, affirmed in 246 Ill. 555.

It is provided in section 257 of the by-laws of the Columbian Circle as follows: ''If any designation shall fail for illegality, or otherwise, then the benefit shall be payable to the person or persons mentioned in Class 1, Section 253, if living, in the shares and order of precedence by grades as therein enumerated,'' and it is also provided, in substance, in section 253 of said by-laws that a benefit may be made payable to any one or more persons of the following classes only: Class I, Grade 1—Member's wife; Grade 2—Member's children, and so on, enumerating twelve grades or classes, none of which includes appellant.

We are therefore of the opinion that the fund should be paid to the appellees Estelle B. Schramm, Arthur Auslander and Armin Auslander, in conformity with the decree of the superior court, which is hereby affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.