## ELECTRICAL WORKERS' BENEFIT ASS'N v. BROWN.

Court of Appeals of District of Columbia.
Submitted April 9, 1928. Decided
May 7, 1928.

Petition for Rehearing Denied June 1, 1928.

No. 4663.

1. Insurance ⬤⟶770, 771—Designation of woman living with insured as beneficiary held unauthorized by statute or by-laws; "wife;" "dependent" (Code, § 749).

Designation of woman living with insured, who was not divorced from his wife, to whom he was paying alimony under court order, as beneficiary in fraternal benefit certificate, *held* null and void; she being neither "wife" nor "dependent" of insured, within Code, § 749, or by-laws of benefit association limiting beneficiaries.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent; Wife.]

2. Insurance ⬤⟶777—Rights of insured's wife and illegally designated beneficiary held not affected by benefit association's interpleader; fund going to persons entitled under statute and by-laws.

Interpleader by fraternal benefit association in action on benefit certificate by designated beneficiary, who was not insured's legal wife, had no effect on rights of such wife and beneficiary, as fund does not revert to benefit association, but goes to persons entitled under statute and association's by-laws, where designation of beneficiary is invalid.

Error to Municipal Court, District of Columbia.

Action by Harriet M. Brown against the Electrical Workers' Benefit Association, which filed an interpleader and paid the sum sued for into court, whereupon Susan B. Brown and another were substituted as parties defendant. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

H. A. Grant, of Washington, D. C., for plaintiffs in error.

H. W. Wheatley, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. It appears in this case that on January 8, 1923, the Electrical Workers' Benefit Association, a fraternal benefit association incorporated and doing business under the laws of the District of Columbia, issued a death benefit certificate to Joseph A. Brown, a member of the association, payable upon his decease in the sum of $1,000, if he should die more than four years, but less than five years, after the date of the certificate, and made payable to Harriet M. Brown as beneficiary, she being designated in the certificate as the wife of the insured member.

Under the organic law of the association (section 749, D. C. Code), as well as under its by-laws, the beneficiaries of its benefit certificates are limited to the families, heirs, blood relatives, affianced husband, or affianced wife of the member, or to persons dependent upon such member. The by-laws of the association also provide that "upon the failure of any member to name an original beneficiary or to name a new beneficiary after the death or inability to take of one previously named, the death benefit shall be payable to the person or persons who are entitled to take the personal property of the deceased member in accordance with the laws of the domicile of such deceased member governing the distribution of personal property in case of intestacy."

Joseph A. Brown died on June 2, 1926, and Harriet M. Brown brought suit against the association in the lower court for the sum of $1,000, claiming that the same was due to her as beneficiary of the certificate. Thereupon the association filed an affidavit alleging that the plaintiff, Harriet M. Brown, had notified the association that she was not. in fact the legal wife or widow of Joseph A. Brown, but that she claimed the death benefit by virtue of being named as beneficiary in the certificate, and that one Susan B. Brown claimed to be the lawful widow of the insured, and to be entitled to the benefits provided by the certificate. The association averred that it "makes no claim to the said $1,000 benefit, * * * * and is ready, willing, and anxious to pay the said $1,000 as the court may direct," and prayed that it be permitted to pay the amount into court, and be discharged from all liability to either of the claimants. This application was allowed

by the court; the association paid the sum of $1,000 into the registry of the court; Susan B. Brown and Charles W. Brown as administrator of the estate of Joseph A. Brown, deceased, were substituted as defendants in lieu of the association; and both entered their appearance and filed pleas claiming that the proceeds of the certificate should be paid to Susan B. Brown as the widow of the deceased.

The lower court heard the case and impliedly found that the plaintiff, Harriet M. Brown, was not the wife or widow of the decedent, but held that she was a "dependent" of the deceased, and as such was entitled to the death benefits. The court at the same. time stated that Susan B. Brown was not a dependent of decedent, inasmuch as prior to his death he had been paying her a small sum of alimony weekly under a court order, which was not sufficient to pay her expenses, and that "therefore she was working and supporting herself." Judgment was accordingly entered for Harriet M. Brown.

There is no real dispute about the facts in the case. It appears that, at a time prior to the date of the certificate, the decedent, Joseph A. Brown, was lawfully married to the defendant, Susan B. Brown, and no divorce was ever obtained by either of them; that they lived together as husband and wife for some years, but he afterwards left her, and began to live with the plaintiff, Harriet M. Brown; that the latter and decedent lived together in the same house as husband and wife, and decedent publicly held her out as his wife, and during this time the benefit certificate was taken out, and made payable to her as his wife; that the plaintiff, when she began to live with decedent, knew that he had a lawful wife living, from whom he was not divorced, and knew that decedent was paying alimony to her; that plaintiff had cared for decedent during the time that she lived with him, and had also cared for an infant female he had brought to her, whose parentage is not disclosed. No child was born to decedent by either of the claimants.

[1] We are of the opinion that the designation of Harriet M. Brown as beneficiary of the certificate in question was null and void. The statute expressly provided that such beneficiaries should be limited to the families, heirs, blood relatives, affianced husband, or affianced wife of the insured member, or to persons dependent upon such member. It is, of course, plain that plaintiff was not the wife of Joseph A. Brown, for at the date of the certificate and continuously thereafter, up to the time of his death, he was in law the

husband of Susan B. Brown, from whom he was never divorced. It is also settled that under the facts in this case she cannot claim to be a "dependent" of the decedent. Unfortunate as the case may be, the relationship of the plaintiff with the decedent under the circumstances was illicit, and she acquired no right to be supported by him. Either of them had the right to put an end to the relationship without incurring any lawful liability toward the other, and in contemplation of law neither of them was a "dependent" of the other.

In Keener v. Grand Lodge, etc., 38 Mo. App. 543, a case relating to the proceeds of a death benefit certificate issued by a benefit society upon the life of one of its members, it is held that the beneficiary of the fund must be of the class named in the law which brings the association into being, and neither the term "families" nor "other dependents," includes one knowingly occupying the relation of concubine or mistress, though named in the certificate as bearing the relation of wife, and though the member may have supported her, and she depended upon him for support. And in such case it is the duty of the court to see that the money is paid out as directed and required by the rules and regulations of the society, and to determine who is the proper person to receive it. Ellison, J., said: "I would not restrict dependents to those whom one may be legally bound to support, nor, yet, to those whom he may be morally bound, but the term should be restricted to those whom it is not *unlawful* for him to support." This ruling is approved in Grand Lodge, etc. v. Hanses, 81 Mo. App. 545, where it is held that a housekeeper who maintained illicit relations with a member (who had an insane wife living) was not a dependent of the member, although the death certificate was made payable to her as a "dependent housekeeper."

In Miller v. Prelle, 122 Ill. App. 380, it is held that a woman was not a "dependent," within the meaning of the by-laws of a fraternal benefit society, where she lived with the member as his wife, at the same time knowing that he was married to another woman from whom he was *not lawfully divorced*, notwithstanding that she was designated as beneficiary of the certificate under the description of "wife."

In Columbian Circle v. Auslander, 222 Ill. App. 61, it is held that "the designation as beneficiary in a benefit certificate of a fraternal society of a woman as the wife of insured when she was not his wife, but living with him in adultery, is fraudulent and void,"

and that in such case "it becomes the duty of the court to determine what persons are entitled to the proceeds of the certificate." See Mendelson v. Gausman, 157 App. Div. 370, 142 N. Y. S. 293; B. & O. R. Co v. Veltri, 37 Pa. Super. Ct. 399.

[2] It may be added that the interpleader procured by the association in the lower court had no effect upon the rights of the respective claimants. "In case the designation of a beneficiary named in the certificate of such a society proves for any reason to be invalid or ineffectual, the fund does not revert to the society, but goes to the person or persons entitled to take under the provisions of the statute and under the by-laws of the society." Meinhardt v. Meinhardt, 117 Md. 426, 83 A. 715. See, also, B. & O. R. Co v. Veltri, supra; 29 Cyc. p. 156; Moss v. Littleton, 6 App. D. C. 201.

Moreover, it is difficult to see why the plaintiff should be preferred as a dependent of decedent, rather than his wife, to whom he was paying alimony under the court's orders.

In our opinion, the proceeds of the certificate must be adjudged to Susan B. Brown. The judgment of the lower court is reversed, and the cause is remanded for such orders and judgment as are consistent herewith; the costs are to be paid from the fund.