## SIMPKINS v. McDERMOTT.*
No. 6469.

United States Court of Appeals for the District of Columbia.

Argued Nov. 7, 1935.

Decided Nov. 25, 1935.

Rehearing Denied Jan. 2, 1936.

See, also, — App.D.C. —, 79 F.(2d) 711.

Raymond M. Hudson and Minor Hudson, both of Washington, D. C., for appellant.

Vivian O. Hill and Edward S. Bailey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This case arises upon an interpleader between the appellant, Katherine Simpkins, and the appellee, Maggie McDermott, for the trial of their conflicting claims to a fund, to wit, $1,500, deposited in the registry of the court, resulting from the payment of a death benefit certificate upon the life of Hugh McDermott, deceased, issued by the Metropolitan Police Relief Association of the District of Columbia. Upon a trial of the issue the lower court directed a verdict in favor of the appellee, whereupon the present appeal was taken.

The appellee, Maggie McDermott, is the widow of Hugh McDermott, deceased, who at the time of his death was a member in good standing of the Metropolitan Police Relief Association aforesaid, a voluntary, co-operative, unincorporated association composed of members and ex members of the Metropolitan Police Department of the District of Columbia, organized for the purpose of paying benefits to widows of its members, and others, upon the decease of members in good standing; and appellee, as the widow of the deceased, claims to be entitled to such benefits.

It appears that for some time prior to the death of Hugh McDermott he had ceased to live with his lawful wife, although never divorced from her, and had taken up his abode with the appellant, Katherine Simpkins, with whom he was not related by blood or marriage. However, McDermott continued to make regular payments to his wife to aid in her support. It does not appear that the appellant, Katherine Simpkins, was dependent upon McDermott for her support, nor was he dependent upon her.

On October 19, 1933, McDermott filed with the official records of the association an instrument in writing designating the appellant, Katherine Simpkins, as the beneficiary of the death benefit fund of $1,500, and directing that such fund be paid to her upon his decease. This instrument was filed with the association by delivery of

*Certiorari denied 56 S. Ct. 592, 80 L. Ed. —.

the same to its secretary. The instrument reads as follows:

"October 19, 1933.

"To the Metropolitan Police Relief Association, Washington, D. C.

"Gentlemen: In the event of my death as a member in good standing of the Metropolitan Police Relief Association, Male Branch, it is my desire that any moneys due my estate by said association shall be paid to Katherine Simpkins, of #1432 R Street NW., Washington, D. C., and I so direct.

"This abrogates any previous disposition I may have made of the above-mentioned insurance.

"Very respectfully,
"Hugh McDermott."

The following provisions were contained in the constitution and by-laws of the relief association, and were in effect at the time when McDermott became a member thereof and also at the time of his death:

"The death benefit of the said Metropolitan Police Relief Association shall be in the sum of one thousand five hundred dollars, payable immediately following the proof of the death of a member in good standing, to the widow, if any: Provided, That in the absence [of notice] to the contrary, payment shall be made to such person as shall have been recognized by the deceased, and known to the Police Department and the community, as having been the late wife of the deceased, in which case payment to the purported widow shall be in satisfaction of said relief; child or children, if any; father, if any; mother, if any; brother, if any; sister, if any, in order named, unless otherwise disposed of by the deceased, by will, or by article in writing filed with the official records of the said Association: Provided, however, That should any of the above-named beneficiaries be minors or mentally or physically incompetent, then the amount of the relief shall be paid to the legal guardian thereof: Provided, however, That should some unforeseen legal complication arise, it shall then be the duty of the secretary-treasurer of the said Metropolitan Police Relief Association to withhold payment of said relief until passed upon by a competent court, and all expenses, such as costs, counsel fees, etc., connected with any litigation that may be entered shall be paid out of the money due the beneficiary under this constitution."

The certificate of membership of Hugh McDermott in the association was issued to him on July 1, 1931. It was continued in effect by the payment of monthly dues and by complying with the rules of the association up to the time of his death. His death occurred on November 8, 1933, while he was a member in good standing. Immediately after his decease the amount of the death benefits was claimed by his widow, the appellee herein, under the provisions of the by-laws, supra, and this claim was contested by the appellant, Katherine Simpkins, who claimed to be entitled to the fund by virtue of the written instrument filed with the association on October 19, 1933, providing for the payment of the same to her. By order of the lower court the amount was duly paid by the association into the court's registry, as above stated, to abide the decision of the court upon this issue.

Upon a trial of the case to the jury the court directed a verdict for the appellee, whereupon the present appeal was taken.

 We are of the opinion that the decision of the lower court in favor of the appellee was right. This conclusion follows from the provisions of the statute under which the association was organized (45 Stat. 1055 [D.C.Code 1929, T. 5, § 141]). The act is entitled, "An act amending the fraternal beneficial association law for the District of Columbia as to payment of death benefits" (section 749, D.C.Code, as amended), and was enacted December 20, 1928. It contains the following provisions:

"The payment of death benefits shall be to the families, heirs, blood relatives, affianced husband, affianced wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepchildren, stepbrother, stepsister, children or parents by legal adoption, member's estate, a charitable, benevolent, educational, or eleemosynary institution, or to persons dependent upon the member or upon whom the member is dependent."

An inspection of the list of persons to whom benefits may be paid, supra, discloses that the appellant does not come within any of its classifications, nor does the statute permit a member to provide for the payment of the benefits assured to him to any person not included within the classification of the act. Accordingly, under the fundamental law controlling the asso-

ciation, the benefits accruing in the present instance could not lawfully be paid by the association to the appellant. It is also plain that no provision of the constitution or by-laws of the association can extend its powers beyond those permitted by that act. On the other hand, the beneficiaries first named in the statute are "the family, heirs, blood relatives" of the deceased. The appellee plainly comes within these classifications. See our opinion in Electrical Workers' Benefit Association v. Brown, 58 App.D.C. 203, 26 F.(2d) 981, citing Keener v. Grand Lodge, etc., 38 Mo.App. 543; Grand Lodge v. Hanses, 81 Mo.App. 545; Miller v. Prelle, 122 Ill. App. 380; Columbian Circle v. Auslander, 222 Ill.App. 61; Mendelson v. Gausman, 157 App.Div. 370, 142 N.Y.S. 293; Baltimore & O. R. Co. v. Veltri, 37 Pa.Super. 399.

We affirm the decision of the lower court with costs.