**CLARK v. SOVEREIGN CAMP, W. O. W. et al.**

**No. 1500.**

Circuit Court of Appeals, Tenth Circuit.

July 19, 1937.

H. R. Young, of Tulsa, Okl. (A. F. Moss, of Tulsa, Okl., on the brief), for appellant.

Floyd L. Rheam, of Tulsa, Okl., for appellee Hattie Clark.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is an interpleader suit instituted by the Sovereign Camp of the Woodmen of the World, a fraternal beneficiary association organized and incorporated under the laws of the state of Nebraska, seeking to be allowed to pay into court $987.27, the amount due upon an insurance certificate issued upon the life of Earle T. Clark and to have determined the conflicting claims of Myrtle Clark and Hattie Clark to the proceeds of such insurance in accordance with the provisions of 28 U.S.C.A. § 41, subd. 26.

The defendants came into court and by answer interposed their respective claims. On final hearing the trial court awarded the insurance benefit to Hattie Clark, from which decree Myrtle Clark has appealed.

Many of the facts are not in dispute. The association is of a fraternal beneficiary type, with a constitution and by-laws providing that benefit certificates may be taken out by the member in favor of certain named relations or persons dependent upon the member. On June 21, 1935, the association issued and delivered to Earle T. Clark, then residing at Fort Smith, Ark., a beneficiary certificate in the maximum sum of $1,000, in which Myrtle Clark at the direction of the insured was named as beneficiary and represented as being his wife. Clark died on the 3d day of August, 1935. On November 30, 1922, he married the appellee Hattie Clark, at Sapulpa, Okl. During the depression she went to live at her son's home because Clark did not have a job, upon the representation that when he got a job he would send for her. Thereafter Clark removed to Fort Smith, Ark., and when Hattie found that Clark was living with another woman she wrote him that she was going to get a divorce, a bill for which was filed and paid for. The papers concerning the divorce were sent to him, but said divorce was never granted, the suit having been dismissed after Clark's death. She was dependent upon Clark for support and had no occupation nor any property. The appellant, Myrtle Clark, was married to Clark on the 8th day of March, 1935, through a formal ceremony, she having known him in Tulsa about a year prior to that marriage. He told her that he had a wife living, but that he had signed papers for her divorce, had sent them to her, and subsequently told her that his wife had obtained such divorce. Myrtle was a widow when she married Clark, was thereafter dependent upon him for support and believed that at the time she married him, he had obtained a divorce from his former wife. Other material matters are in dispute. One Lillian Flynn testified that she lived at Fort Smith, Ark., continuously since 1927 and knew the appellant, Myrtle

Clark, becoming acquainted with her some time between December, 1934, and January, 1935. When the witness first became acquainted with Myrtle, she was known as Mrs. Jimmie Clark (Jimmie being Earle T. Clark's nickname), and in using the witness' telephone Myrtle Clark put in calls under the name of Mrs. Jimmie Clark. Prior to March, 1935, Myrtle Clark and Earle T. Clark were living together as man and wife. Myrtle Clark denied on the stand that she had ever lived·with Earle T. Clark until after her marriage with him and did not previously give her name as Mrs. Jimmie Clark, and up until her marriage with Clark had given her name as Myrtle Lacey, although admitting that on one or two occasions she had used the telephone of Mrs. Flynn.

 It is settled that the law of the domicile of a fraternal beneficiary association governs what persons may take as beneficiaries. Meyer v. Meyer, 79 F.(2d) 55 (C. C.A.8); Parker v. Parker, 82 F.(2d) 575, 577 (C.C.A.10). It has likewise been decided in Nebraska that a person not related by consanguinity may be a dependent so as to be eligible as a beneficiary in a fraternal insurance certificate. Goff v. Supreme Lodge, 90 Neb. 578, 134 N.W. 239, 37 L.R.A.(N.S.) 1191. There would therefore seem to be no legal impediment under the laws of the state of Nebraska against the right of the appellant, Myrtle Clark, to recover upon the policy, so that the respective rights of the parties must be determined in the light of the decisions of the courts as applied to the facts in the case at bar.

There are at least two lines of authorities applicable to the situation. The first is, that under a benefit insurance policy the term "dependent" does not include one named as a beneficiary living with the insured as his wife when he has a wife living from whom he has not been divorced, as she cannot under such circumstances be a dependent in the legal sense, who must be one whom it is not unlawful for the insured to support. Electrical Workers' Benefit Association v. Brown, 58 App.D.C. 203, 26 F.(2d) 981; Keener v. Grand Lodge, 38 Mo.App. 543; Grand Lodge v. Hanses, 81 Mo.App. 545; Sophia Duenser v. Supreme Council, 262 Ill. 475, 104 N.E. 801, 51 L.R.A.(N.S.) 726.

Another line of cases tends to support the doctrine that a woman who in good faith relies upon the statement of a married man that he has been divorced and marries him may be classified as a dependent so as to recover upon a beneficiary certificate. Mendez v. Mendez (Tex.Com.App.) 277 S. W. 1055; Frank v. Frank, 209 Ala. 630, 96 So. 859, 32 A.L.R. 1478; Supreme Lodge A. O. U. W. v. Hutchinson, 6 Ind.App. 399, 33 N.E. 816; Supreme Tent v. McAllister, 132 Mich. 69, 92 N.W. 770, 102 Am.St.Rep. 382. Numerous cases are therein cited as tending to support each line of authority.

It is manifest that under the first line of authorities the appellant would not be entitled to recover because not being legally married to Clark, he having a wife living, she would not legally be a dependent. Such support as he was capable of giving would be due to his legal and undivorced wife.

 The right to recover under the second line of authorities depends upon the individual circumstances of each case and is primarily based upon the proven good faith of the one claiming as a dependent upon the ground that she believed herself legally married. In this ·respect, the case is not entirely free from doubt. The evidence of the independent witness Flynn, whose testimony was unimpeached, to the effect that the appellant lived with Clark prior to her marriage to him, is a circumstance which seriously reflects upon her good faith. The trial court evidently accepted this testimony as being true, despite the denial of the appellant upon the stand, and, if true, the recognition of property rights in persons thus violating the civil and moral codes of our civilization should not be encouraged, even though the appellant may have later married in good faith. Again, there is no evidence of the appellant having made any investigation in regard to Clark's marital status other than what he himself told her, although she knew that he was a married man when she first met him and associated with him. Having known him but a comparatively short time, it seems that ordinary caution under the particular circumstances here would have suggested some investigation on her part.

Whichever rule of law may be adopted, we find no compelling reason to reverse the finding of the trial court, and its judgment and decree will therefore be affirmed.