ABIGAIL M. GIBSON *vs.* IMPERIAL COUNCIL OF THE ORDER OF UNITED FRIENDS & another.

Suffolk.     March 15, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Beneficiary Association — Validity of Designation of Beneficiary — Foreign Corporation — Lex Loci Contractus — Statute.*

Under St. 1888, c. 429, § 11, the designation, in a benefit certificate issued by a corporation organized under the laws of another State and transacting business in this Commonwealth conformably to law, of a person resident in this Commonwealth who could not take under a certificate issued by such a corporation organized here, is valid, if permitted by the laws of the other State and of the corporation; and the contention that the corporation was authorized under the laws of the other State to do what is considered in this Commonwealth an accident and life insurance business as well as the business done by fraternal benefit associations, and that the contract is one of life insurance, is immaterial, for, even if the certificate should be regarded as a policy of life insurance, the contract was valid at the time when it was entered into, although the association had not complied with the requirements of Pub. Sts. c. 119.

BILL IN EQUITY, to obtain a fund payable under a benefit certificate issued to one Emma L. Gibson. Hearing before *Holmes,* J., who ruled that the designation of the beneficiary

was not contrary to the policy of the law of this Commonwealth, and that the fund should be paid to Mary E. Southwick, the beneficiary named in the certificate; and, at the request of the plaintiff, reported the case for the determination of the full court. The facts appear in the opinion.

*L. M. Child,* for the plaintiff.

*H. R. Bailey,* (*D. F. Kimball* with him,) for Mary E. Southwick.

FIELD, C. J. As the association is ready to pay the sum of money named in the benefit certificate to the person whom the court shall adjudge to be entitled to it, the principal question is whether or not Mary E. Southwick, the beneficiary designated in the certificate, is entitled to it. Mary E. Southwick is a stranger in blood to Emma L. Gibson, and was not dependent upon her. The association is a corporation organized under the laws of the State of New York, and had a place of business in Massachusetts, and Mary E. Southwick was and is a resident of Massachusetts. The certificate was issued on December 15, 1882, in Massachusetts, to Emma L. Gibson, who was a resident of Massachusetts. The plaintiff is a sister of Emma, and was dependent upon her.

The justice who heard the case has found as a fact that the designation of Mary E. Southwick as the person to whom the sum should be paid on the death of Emma L. Gibson " was valid by New York law and under the laws of the corporation "; and this is in effect admitted. The contention is that as at the time when the certificate was issued such a designation in the certificate of a Massachusetts fraternal benefit association was invalid, the same law governs in this case, as the certificate was issued in Massachusetts to a resident citizen thereof. Pub. Sts. c. 115, § 8. The association, on October 17, 1888, appointed the insurance commissioner of this Commonwealth its attorney upon whom all processes might be served, pursuant to St. 1888, c. 429, § 13, and it made reports to the insurance commissioner annually, " with a few omissions," as required by §§ 11 and 12 of the same chapter.

We are of opinion that the question of law raised in this case was in effect decided in *United Order of the Golden Cross* v. *Merrick,* 165 Mass. 421.

It is contended by the plaintiff's counsel that the association was authorized under the laws of New York to do what is considered in Massachusetts an accident and life insurance business, as well as the business done by fraternal benefit associations, and that the contract shown in this case is one of life insurance. But even if this certificate should be regarded as a policy of life insurance, the contract was valid at the time when it was entered into, although the association had not complied with the requirements of Pub. Sts. c. 119. See Pub. Sts. c. 119, § 200. *Reliance Ins. Co.* v. *Sawyer,* 160 Mass. 413. See also St. 1887, c. 214. The first statute of this Commonwealth relating to fraternal beneficiary corporations organized under the laws of other States is, so far as we know, St. 1888, c. 429, §§ 11 *et seq.*

The amount due should be paid to Mary E. Southwick; the details of the decree may be settled by a single justice.

*So ordered.*