9430

GREGORY v. SOVEREIGN CAMP OF WOODMEN OF THE
WORLD.

THOMPSON v. SAME.

(89 S. E. 391.)

1. INSURANCE — MUTUAL BENEFIT — CHANGE OF BENEFICIARY — WHAT
LAW GOVERNS.—Assured's change of beneficiary to one who was not
a relative, but supported him, is void where prohibited by a statute
of Nebraska, where the insurer was organized, although Civ. Code
1912, sec. 2752, allows such change if the insurer consents.

2. INSURANCE—MUTUAL BENEFIT—BENEFICIARIES—RIGHT TO CHANGE.—
Under Civ. Code 1912, sec. 2752, allowing a fraternal insurance asso-
ciation to limit, by its laws, the scope of its beneficiaries, assured's
change of beneficiary is void, where forbidden by the association's
constitution and the laws of Nebraska, where it was organized.

3. INSURANCE—MUTUAL BENEFIT—WHO MAY BE BENEFICIARIES—STAT-
UTE — WAIVER.— A fraternal insurance association cannot waive a
restriction as to beneficiaries imposed by the statutes of the State
where it was organized.

Before MOORE, J., Union, September, 1914.   Reversed.

Separate actions by Mrs. S. E. Gregory and J. E. Thomp-
son against Sovereign Camp of Woodmen of the World.
From judgment against Mrs. Gregory, she appeals. From
judgment in favor of Mr. Thompson, the defendant appeals.
The facts are stated in the opinion.

*Mr. John Ashby Sawyer,* for Mrs. Gregory, cites: Civil
Code 1912, S. C., sec. 2752 and 2755; 84 S. C. 253, 256;
42 S. C. 291; 15 A. & E. Ann. Cas. 235, 236; 1 Bacon, Ben.
Soc. & Life Ins. (3d ed.) 244, 246, 247, 306; 29 Cyc. 105
and 124; 77 S. C. 299, 302; 26 L. R. A. 733, 735, 736; 51
S. C. 103, 106, 107, 109. *No affidavit of loss of original*

FOOTNOTE.—Laws of state of incorporation as limitation on powers
of insurance company, see notes in 23 L. R. A. (N. S.) 973, 52 L. R. A.
(N. S.) 278, and 63 L. R. A. 853; constitutionality of statute forbidding
change of beneficiary in insurance policy, see notes in 49 L. R. A. (N. S.)
487; who may be beneficiaries, see note in L. R. A. 1916b, 905.

*first certificate:* 46 S. C. 42; 39 S. C. 408; 34 S. C. L. (3 Strob.) 147; 40 Am. Rep. 252; 2 Cyc. 4, 10, 16, 28; 29 Cyc. 1298 and 1304; 30 Cyc. 1416.

*Messrs. Quattlebaum & Cochran,* for defendant, cite: Civil Code of S. C. 1912, sec. 2752; Bacon, Benefit Societies, sec. 311. *Powers of agent:* Civil Code, sec. 2755 and 2770; 117 Fed. 369; Insurance Code of Nebraska, 1913, art. XI, sec. 156; Act of Nebraska, Fraternal Benefit Associations, secs. 91 to 113d.

*Messrs. Wallace & Barron,* for Mr. Thompson, cite: Civil Code of S. C. 1912, secs. 2749 to 2770. *Forfeitures not favored:* 3 A. & E. Enc. of L. (2d ed.) 1086, 1089, 1049, 1067; 79 Ky. 223; 77 Tex. 517; 19 Am. St. Rep. 772; 2 S. W. 447; 140 Mass. 580; 146 Mass. 391. *Waiver of formalities in obtaining new certificate:* 86 Ky. 136; 60 Tex. 532; 120 Ill. 124; 79 Ill. 361.

July 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases were heard together. J. J. Cooper had a policy of insurance in the Woodmen of the World. The original beneficiary was S. D. Cooper, his brother. S. D. Cooper moved away. J. J. Cooper was afflicted with tuberculosis and was unable to work, and lived with Mrs. Gregory, his mother-in-law. He had been married three times. The first two wives died and the third went away. J. J. Cooper had the beneficiary changed from S. D. Cooper to Mrs. Gregory. He lived with and was dependent upon Mrs. Gregory for his living and that money to pay his assessments of insurance. Some three months before he died, Mr. Cooper became dissatisfied with his treatment by Mrs. Gregory and left her house and went to the house of

J. E. Thompson, his brother-in-law, and became dependent on Mr. Thompson for his living and money for his assessments of insurance, and again changed the beneficiary, substituting Mr. Thompson for Mrs. Gregory. Mrs. Gregory refused to surrender her policy, and a new policy was issued by the company in which Mr. Thompson was named as beneficiary.

After the death of J. J. Cooper, both Mrs. Gregory and Mr. Thompson brought suit on their policies; each claimed to be entitled to the fund. The defendant, answering the complaint, alleged that it admitted liability for the death of Cooper and its willingness to pay the loss, but alleged that neither of these plaintiffs were entitled to the fund. That, by its constitution and the laws of Nebraska, under whose laws it was chartered, it was allowed to insure only certain classes of persons and forbidden to insure others, and the substitution of beneficiaries was made under a misstatement of facts and, as soon as it learned the facts, it repudiated the substitution. That both substitutes were prohibited. On the trial of the cause, the trial Judge directed a verdict in favor of Mr. Thompson and against Mrs. Gregory. From the judgment entered on this verdict, Mrs. Gregory and the Woodmen of the World appealed to this Court.

There are fifteen exceptions in all, but, from the view this Court takes of the case, only one question need be considered. The other questions do not arise.

The Nebraska statute is as follows:

"No fraternal society created or organized under the provisions of this act shall issue beneficiary certificate or membership to any person under the age of 18 years, nor over the age of 55 years. Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, of or to persons dependent upon the member."

The South Carolina statute is in some respects similar, but differs in allowing one on whom the member is depend-

ent to be made a beneficiary. The trial Judge held that in benevolent associations, such as this, a change of the statute admitting a new class is presumed to be adopted by the association, unless the association, after the enactment of the act, takes some action to exclude the new class. There is absolutely no room for a presumption in this case.

It is admitted that Mrs. Gregory is the mother-in-law and Mr. Thompson is the brother-in-law of Mr. J. J. Cooper and that neither were dependent on him.

The South Carolina statute (section 2752, Civ. Code 1912) says:

"That, if after the issuance of the original certificate the member shall become dependent upon the charity of an individual or of an institution, he shall have the privilege, with the consent of the association, to make such individual or institution his beneficiary."

The association is a Nebraska association, and the consent, if given, must be given in Nebraska. If the association itself had consented, with actual, instead of constructive, notice of the facts, and had made the substitution, it would have availed nothing. The law of Nebraska forbids it. It cannot be presumed that the association has violated the law. The South Carolina statute requires the consent of the association, and the defendant association cannot consent.

Besides, our statute provides:

"That any association may, by its laws, limit the scope of beneficiaries within the above classes."

There can be no question that this association, by its laws, has limited the scope of beneficiaries and that the limitation excludes both plaintiffs. There can be no question of waiver in this case. No individual or corporation can waive a statutory command or prohibition.

The judgment in favor of the defendant in the Gregory case is sustained. The judgment in favor of the plaintiff in the Thompson case is reversed.