**KNIGHTS OF COLUMBUS**
v.
**HASLER et al.**
Civ. No. 1422.

United States District Court
S. D. West Virginia,
Charleston Division.
April 6, 1954.

James Cann, Clarksburg, W. Va., for plaintiff.

D. J. Savage, Charleston, W. Va., for Florence B. Hasler.

Goshorn, Goshorn, McCorkle & Rippetoe, Charleston, W. Va., for Mrs. Nora Hourigan and Mrs. Annie Goff.

PAUL, District Judge (sitting by designation).

The Knights of Columbus has filed its bill of interpleader in respect to the proceeds of a death benefit certificate issued by it to one Bernard M. Hasler, in which bill it is asserted that Bernard M. Hasler is now deceased and that there are conflicting claims to the proceeds of said certificate. It is further alleged that the plaintiff cannot, without grave financial risk to itself, undertake to determine to which of said claimants the amount of the death benefit should be paid. It therefore prays that the court interplead the claimants and determine their respective rights, and that the plaintiff, having paid into court the sum due under the certificate in the amount of $916.76, be discharged from further liability therefor. The bill asserts that the adversary claimants to the fund are, on the one hand, Florence B. Hasler, widow of Bernard M. Hasler, and, on the other, Nora Hourigan and Annie Goff, sisters of Bernard M. Hasler.

There is no dispute as to any of the material facts in this controversy and both claimants have submitted motions for summary judgments in their respective favors.

The material facts are these: The Knights of Columbus is a fraternal benefit society organized and existing under the laws of the State of Connecticut. In February, 1916, it issued to Bernard M. Hasler, one of its members, a death bene-

fit certificate in which Hasler, who was then unmarried, designated his mother, Mary J. Hasler, as beneficiary. At some later time Bernard M. Hasler became married to Aldia Hasler and following his marriage he caused his wife, Aldia, to be named as a beneficiary in the certificate along with his mother, so that they would share equally in the proceeds. Still later, about 1930, Hasler and his wife, Aldia, were divorced, and following the divorce he again caused his mother to be named as his sole beneficiary. In June, 1947, Bernard M. Hasler married Florence B. Hasler. At that time the first wife, Aldia Hasler, was still living and so far as appears is now living. She is not a party to this suit. Bernard M. Hasler died in 1952, leaving Florence B. Hasler as his widow. Hasler's mother had died prior to 1952.

It is agreed that, following his second marriage and prior to his death, Hasler had attempted to have his second wife (Florence) named as beneficiary in the certificate in place of his mother and that he had made formal written application to this effect. It is also agreed that the society refused to make the requested change and refused to permit Florence B. Hasler to be named as beneficiary. Therefore at the time Hasler died his mother, Mary J. Hasler, who had pre-deceased him, still appeared as the named beneficiary in the certificate.

The questions to be answered in this case require consideration of the terms of the benefit certificate issued to Hasler, together with the provisions of the constitution and by-laws of the Knights of Columbus under which such certificates are issued, and also of the statutes of the State of Connecticut under which the Knights of Columbus is empowered to issue death benefit certificates to its members.

At the time of Hasler's death in 1952, the constitution and laws of the Knights of Columbus governing the issuance of death benefit certificates provided in part as follows:

"Sec. 71 1. Each application for a benefit certificate shall include the beneficiary designation; and the member may thereafter, from time to time, change such designation in such form and manner as the Board of Directors shall prescribe, without consent of any beneficiary, provided that the Order may refuse to accept any designation or change of designation which appears to the Order to be in violation of any state or provincial law to which the certificate is subject, or where it appears to the Order that there would be a lack of substantial insurable interest, and *provided that in case the member has been divorced and married again while his former wife is still living, the wife by the later marriage may not be designated as a beneficiary * * *.*" (Emphasis supplied.)

"2. Where, upon the death of a member, it appears that he has failed to make any designation, or that the beneficiary or beneficiaries are dead, or if the designation shall fail for illegality or otherwise, then the death benefit shall be paid as follows: * * *

"First: The member's wife (except that *in case the member has been divorced and married again while his former wife is still living, then the wife by the later marriage shall not be entitled to receive the death benefit* and the same shall be paid to the person or persons in the order of precedence following)." (Emphasis supplied.)

"Second: Children * * *.

"Third: Grandchildren.

"Fourth: Natural parents * *.

"Fifth: Brothers and Sisters * * *. * * *"

That portion of Subdivision 1 above which is italicized was adopted as an amendment to the subdivision in the year 1945. The italicized portion of subdivision 2 was adopted as an amendment in 1939. Both amendments were made some years after the issuance of the certificate to Hasler.

**656**

No copy of the certificate held by Hasler has been filed and none is before the court. However, no dispute as to its terms is involved and Florence B. Hasler, in whose possession it now is, has set forth certain provisions of the certificate in her answer. Among those which are pertinent is the following:

"* * * and that this certificate, the Charter, Constitution and Laws of the Knights of Columbus and the application for membership and medical examination signed by the applicant and all amendments to each thereof shall constitute the agreement between the Knights of Columbus and said member and that copies of the same certified by the Secretary of the Knights of Columbus shall be received in evidence of the terms and conditions thereof; and that *any changes, additions or amendments to said charter, constitution or laws duly made or enacted subsequent to the issuance of this Certificate,* including those affecting insurance assessments, *shall bind said member and his beneficiaries and shall govern and control the agreement in all respects in the same manner as if such changes, additions or amendments had been made prior to and were in force at the time of his application for the membership."* (Emphasis supplied.)

In Connecticut, as in most states, there are statutes specially governing the operation of fraternal benefit societies. The pertinent portion of the statute relating to death benefits, Gen.St.1930, § 4271, is as follows:

"Death benefits; to whom payable. The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, * * *. Within the above restrictions each member shall have the right to designate his beneficiary and to have such designation changed in accordance with the laws, rules or regulations of the society,

and no beneficiary shall have or obtain any vested interest in such benefit until the same shall become due and payable upon the death of such member, provided any society may, by its laws, limit the scope of beneficiaries within the above classes."

The argument on behalf of Nora Hourigan and Annie Goff, the sisters of Hasler, is on this line: That the attempt of Hasler to have his second wife, Florence, designated as beneficiary at a time when his divorced wife was still living was properly refused by the society on the ground that such a designation was specifically forbidden by the laws of the society. That, while the specific provisions of the society's laws covering this situation were not incorporated therein at the time this certificate was issued, nevertheless Hasler was bound by them for the reason that the certificate issued him specifically provided that it should be governed by any future changes or amendments in the laws of the society, and that he accepted the certificate with this knowledge and upon this condition. It is further argued that the condition is a reasonable one when adopted by a society all of whose members belong to the Roman Catholic Church; and furthermore that the adoption of such a regulation is authorized by the Connecticut statute which provides that the "society may, by its laws, limit the scope of beneficiaries" within the permitted classes.

Since Hasler's mother, the beneficiary named in the certificate, had died before Hasler it is urged that there came into play those provisions of the laws of the society (hereinbefore quoted) governing the payment of death benefits where the named beneficiary is dead; and that since Hasler had no children, grandchildren or parents surviving him, his sisters are next in the prescribed succession.

The contention on behalf of Florence B. Hasler is not so clear. It appears to be argued that since those provisions of the laws of the society under which Hasler was denied the right to name Flor-

ence as beneficiary were adopted after the issuance of the certificate to Hasler, the rights of the parties are not affected by them. A further contention seems to be that the laws of the society provide that, where the designated beneficiary is dead when the certificate matures, the wife of the member is the first in line of succession to the proceeds; and, therefore, that Florence, as the wife, takes under this provision. It is urged that both the Connecticut statute and the laws of the society show an intention to provide for a dependent wife and that to exclude such a one from receiving the benefits of the certificate would be against public policy.

■ The contention that laws of the society adopted after the issuance of the certificate are ineffective as to it cannot be upheld. The certificate itself plainly stated that it was subject to any future amendments to the laws of the society and Hasler accepted it with this knowledge. See Fullenwider v. Supreme Council, 180 Ill. 621, 54 N.E. 485, 486; Supreme Lodge Knights of Pythias v. Trebbe, 179 Ill. 348, 53 N.E. 730; Lange v. Royal Highlanders, 75 Neb. 188, 106 N. W. 224, 10 L.R.A.,N.S., 666; Norton v. Catholic Order of Foresters, 138 Iowa 464, 114 N.W. 893, 24 L.R.A.,N.S., 1030; Supreme Lodge K. of P. of the World v. La Malta, 95 Tenn. 157, 31 S. W. 493, 30 L.R.A. 838, 840; Shipman v. Protected Home Circle, 174 N.Y. 398, 67 N.E. 83, 63 L.R.A. 347.

In Fullenwider v. Supreme Council, supra [180 Ill. 621, 54 N.E. 486], the court says:

"Where the contract contains an express provision reserving the right to amend or change by-laws, it cannot be doubted that the society has the right so to do".

And in 38 Am.Jur p. 458, Sec. 20, it is stated:

"Undoubtedly it is sufficient reservation of the right of the society to amend its by-laws where the certificate of membership itself provides that a member shall be bound by the rules and regulations then in force, or that might thereafter be enacted, for a member by receiving his certificate assents to such conditions."

Conceding that amendments to the laws of a mutual benefit society may affect pre-existing contracts where the contract so provides, the authorities are in substantial agreement that in order to be valid the amendments must be reasonable. 38 Am.Jur. 459. And see numerous cases cited in case note 8 L.R. A.,N.S., 521. See also 45 C.J. p. 38; 46 C.J.S., Insurance, § 1438 and cases cited. And, of course, they must not be contrary to the statute under which the society is authorized.

■ The weight of authority is that the eligibility of a beneficiary is to be determined by the laws of the state wherein the society was organized. Gibson v. Imperial Council etc., 168 Mass. 391, 47 N.E. 101; Gregory v. Sovereign Camp W.O.W., 104 S.C. 471, 89 S.E. 391; Modern Woodmen of America v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L.Ed 783. If it be true, as implied by the record here, although not definitely stated, that Hasler was a resident of Connecticut when the certificate was issued, this fact merely bulwarks the conclusion that the contract is governed by the laws of that state.

■ Nothing has been offered to show that the Connecticut statute forbids the society from restricting the beneficiaries as has been done here. It is well settled that where the law of the state has prescribed the classes of persons who may be named as beneficiaries in a mutual benefit certificate the society cannot, by its by-laws, enlarge them and make eligible persons not made so by the statute. On the other hand, it appears that the society may restrict the classes of persons made eligible by the statute as beneficiaries. 45 C.J. 172–173; 46 C. J.S., Insurance § 1548; Wegener v. Wegener, 101 Ohio St. 22, 126 N.E. 892; Supreme Council etc. v. Perry, 140 Mass.

580, 5 N.E. 634; National Union v. Keefe, 263 Ill. 453, 105 N.E. 319; Union Fraternal League v. Walton, 109 Ga. 1, 34 S.E. 317, 46 L.R.A. 424. Murphy v. Nowak, 223 Ill. 301, 79 N.E. 112, 7 L.R.A.,N.S., 393; 38 Am.Jur. p. 547.

This right on the part of the society to restrict the permissible beneficiaries within the classes permitted by the Connecticut law appears to have been specifically authorized by the statute, which, after enumerating the permitted classes of beneficiaries, states "provided any society may, by its laws, limit the scope of beneficiaries within the above classes." While the phrase "limit the scope of beneficiaries" may seem a bit unusual I can attribute to it no meaning other than that indicated, and it seems an appropriate description of what the society has done.

It is to be borne in mind that we are not now dealing with the case where a wife has been named as beneficiary in the certificate and is later refused the proceeds because she was divorced from the insured prior to his death. In the instant case the claimant, Florence Hasler, was never the named beneficiary. Her husband tried to make her so but the society refused to accept her and refused to recognize her claim following Hasler's death. This refusal was based on the laws of the society, and this brings us now to a consideration of whether these by-laws are reasonable ones.

As heretofore related they are (1) that a second wife cannot be designated as a beneficiary while a former divorced wife is still living, and (2) that where a member has been divorced and has married again while the divorced wife is still living the wife by the later marriage is not entitled to receive the death benefits.

■ In determining whether a by-law of a mutual benefit association is reasonable consideration must be given to the objects and purposes of the society, and to the teachings, beliefs and traditions of those who constitute its membership. It is well known that the Knights of Columbus is an organization membership in which is limited to members of the Roman Catholic Church. Equally well known is the settled and continued hostility of the Roman Catholic Church to the institution of divorce. One manifestation of this is the fact that the Church refuses to sanction or recognize as valid any marriage entered into by one of its members who has been divorced and whose first spouse is still living.

Hasler, as a member of the Roman Catholic Church, knew of the doctrines of the Church in this respect at the time the certificate was issued to him. He knew that any second marriage entered into under the conditions related here would not, in the eyes of Catholics, be a valid marriage and that his partner in the second marriage would not be recognized or accepted by the Society as his wife. It was not unreasonable as to him, or to any member of the society, that a by-law should be formally adopted setting forth conditions with which he was already familiar and which were inherent in the religious faith by virtue of which he became a member of the society. Nor are the disputed by-laws contrary to public policy, as is urged. It is evident that their purpose is to pronounce and maintain the traditional opposition of the Catholic Church to divorce and to discourage its members from such a course. It could hardly be said that such an object was against the public good.

■ The conclusion is that the questioned by-laws were applicable to the certificate issued Hasler; that they were reasonable provisions which were not contrary to either the laws of Connecticut or to public policy. As a result Florence Hasler has no valid claim to the proceeds of the certificate and the amount thereof should be paid in equal shares to the two sisters of Hasler.

In his memorandum of argument counsel for Florence Hasler makes the suggestion that the plaintiff by bringing this suit to interplead the claimants has

waived the right to question the eligibilty of Florence Hasler as a beneficiary. The argument is not pursued and its purport is not made clear. Such a contention would seem to be inapplicable to the facts of this case. See Electrical Workers' Benefit Association v. Brown, 58 App.D.C. 203, 26 F.2d 981.